**STATE of Missouri, Respondent,**

v.

**Lester Lee MAXWELL, Appellant.**

**No. 51276.**

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, J. L. Anding, Sp. Asst. Atty. Gen., Pacific, for respondent.

Lane & Leadlove and Earle B. Leadlove, St. Louis, for appellant.

FINCH, Judge.

Defendant was charged with robbery, first degree, by means of a dangerous and deadly weapon and with two prior felony convictions. He was found guilty by the jury and the trial court determined he had two prior felony convictions. Punishment was fixed at eight years' imprisonment. This is an appeal from that judgment.

The evidence of the state supports the following statement of facts: On July 30,

1964, Whitney Moses and John W. Rouse shared an apartment at 5533 Cates, in St. Louis. On July 30, Moses returned to the apartment from work and went to the basement of the building to wash some clothes. As he came up the stairs from the basement he heard someone walking in the kitchen of the apartment. He thought it was Rouse and called out but received no answer. No one was in the kitchen but when he went into the dining room he was stopped by a man (later identified as defendant) with a knife, who said, "Do not holler." Moses was pushed into his bedroom, where his hands and feet were tied. After that defendant moved around the apartment, pulling out dresser drawers and taking things off of the table, during which time Moses observed him. He then heard the defendant using a telephone in the hallway and heard him say "Marcella" and "East." After hearing the door close, Moses worked his hands loose, released himself, looked around the apartment, called the police and described to them the intruder, what had been taken and what had happened.

A patrolman came to the apartment and took Moses to police headquarters where he picked the defendant out of the police lineup as the intruder. Moses stated he had never seen the defendant previous to the time when he was confronted by him with a knife in the apartment. He identified the knife with which he had been threatened and identified two cigarette lighters, a man's watch, two umbrellas, four sweaters, a Magnovox portable TV, a fan, and a radio as property belonging either to John Rouse or himself and which had been taken from the apartment by the defendant.

A cab driver for Marcella Cab Company testified that at about 7:15 p. m., on July 30, he received a call from his dispatcher directing him to the 5500 block of Cates. There he picked up defendant, who had with him a portable TV, a fan, two umbrellas, and a pillow case containing some articles, all of which were placed in the trunk of the cab. The driver testified that defendant was in the cab from that time until it was stopped by the police and the defendant arrested.

Police officers told of receiving a radio report of the robbery in which a description of the suspect was given. The report stated that the suspect last was seen traveling south on Clara in a Marcella cab. The police shortly observed a Marcella cab containing a single passenger which they stopped. The occupant, who was the defendant, appeared to fit the description and officers placed him under arrest. He was searched and in his pants pocket was found a kitchen knife, two cigarette lighters, and a man's watch. The police then searched the trunk of the cab and found the TV, the radio, the fan, the two umbrellas, and a pillow case which contained items including four men's sweaters.

The defendant testified in his own behalf. His explanation was that he had met Whitney Moses about two weeks before; that he had spent a couple of hours at the apartment with Whitney Moses each afternoon thereafter except Saturdays and Sundays; that Whitney Moses was a homosexual and had given defendant the various items of property found in his possession for the purpose of setting up a separate apartment where he and defendant would live. He had assumed the property belonged to Moses and did not know any of it was the property of Rouse. He testified that he had given this information to the police when arrested. On rebuttal, the patrolman testified that defendant had stated that he had been living with Whitney Moses at 5533 Cates for several months, that they had a misunderstanding and that he was leaving the apartment, taking with him these items which were his own property.

Defendant had a preliminary hearing in the St. Louis Court of Criminal Correction at which he was represented by Joseph Noskay, the public defender for the City of St. Louis. On August 20, 1964, defendant was arraigned in the Circuit Court. He appeared in person and with Mr. Noskay,

waived reading of the information and pleaded not guilty. Then on September 3, 1964, the Circuit Court appointed Earl B. Leadlove as attorney for defendant, and he continued to represent defendant in the trial court and on appeal to this court.

The trial was set for October 16 but was continued at Mr. Leadlove's request. Meanwhile, on October 14, Mr. Leadlove took the deposition of the prosecuting witness, Whitney Moses. The case was then reset for November 16, the trial actually started on November 17 and was concluded on the 18th.

The first ground asserted as a basis for reversal is that defendant was denied a copy of the transcript of his preliminary hearing in the St. Louis Court of Criminal Correction, thereby violating his constitutional rights as provided in §§ 10 and 18(a) of Article I of the Missouri Constitution.[1] In substance, defendant argues that by court rule and statute, enforced by court decisions, a defendant is given the right to a preliminary hearing, which is his first opportunity to face his accuser as guaranteed by § 18(a) of Article I of the Constitution. Such hearing is said to be meaningless and useless unless defendant can obtain a written transcript of such proceedings to use in preparation for trial and for examination of his accuser at the trial, and consequently the denial of such transcript violates § 18(a) of Article I and constitutes a denial of due process in violation of § 10 of Article I.

In his brief and in oral argument defendant contends that his attorney sought, without success, to obtain a copy of the transcript of the preliminary hearing from the court reporter in the St. Louis Court of Criminal Correction. There is nothing in the transcript on appeal with reference to this matter until the motion for new trial. It asserts simply that defendant was denied a copy of the transcript, thereby

hindering defendant's counsel in preparation for trial and denying valuable information for use during the trial. Actually, it is clear that no request of any kind with reference to such transcript was made to the Circuit Court, and no complaint with reference thereto was made to the trial court until the motion for new trial was filed. This is conceded in defendant's brief, which states: "While no complaint was raised prior or during the trial, defendant feels that he has properly preserved for appeal his objection to the denial of the transcript by his motion for new trial." Defendant relies on Criminal Rule 27.20(c) [2] relating to plain error.

The right of an accused to a preliminary hearing in a felony case is established by rule of court and by statute. No preliminary hearing in a felony case is even required where there is a grand jury indictment or where an information is substituted for an indictment. Criminal Rule 23.02, § 544.250.[3] There is no provision in the Missouri Constitution requiring a preliminary hearing. Actually, as expressed in State v. Richardson, Mo., 347 S.W.2d 165, 168, " * * * the primary purpose of a proceeding in the magistrate court in a felony case is to have a warrant issued for the defendant's arrest, grant a preliminary hearing to determine whether probable cause exists as to defendant's guilt, and if such cause is shown, or if hearing is waived, to hold defendant or require him to give bond to answer such charge, if any, as may be filed against him in the circuit court." See also State v. Turner, Mo., 353 S.W.2d 602, 604. In view of the nature of preliminary hearings in Missouri, we have held that there is no constitutional right to counsel at a preliminary hearing. State v. Gagallarritti, Mo., 377 S.W.2d 298, 301; State v. Turner, supra.

The rules of this court require that the testimony in a preliminary hearing

---

1. All constitutional references are to V.A. M.S., Const.

2. All references to rules are to V.A.M.R.

3. All statutory references are to RSMo 1959 and V.A.M.S.

be reduced to writing only in homicide cases. Rule 23.12, § 544.370. It is true, as pointed out by defendant, that § 485.140 does provide for court reporters for the St. Louis Court of Criminal Correction. The reporter is to take accurate shorthand notes of all cases and proceedings therein and, when directed by the judge thereof, is to furnish the circuit attorney with a complete transcript of the evidence and proceedings in preliminary hearings in felony cases. Magistrate courts in Missouri, however, do not have court reporters (except when appointed under § 485.150 in homicide cases), and in a case such as this one a magistrate court would not even have a stenographic transcript of the testimony. There is no constitutional requirement that there be a transcript of the testimony in such a preliminary hearing, and, as pointed out previously, there is not even any constitutional requirement that a preliminary hearing be held. Under such circumstances, the lack of such a transcript in the hands of defendant herein did not violate either § 10 or § 18(a) of Article I of the Missouri Constitution.

Apparently, defendant's counsel sought a copy of the transcript from the court reporter. Whether it was sought as a free transcript or one for which payment would be made is not indicated, but it is immaterial. We do not even know whether a copy of the transcript had been made and furnished to the circuit attorney pursuant to § 485.140. If it was, so far as we are informed, there was no request to the circuit attorney by defendant to examine or inspect it, and there was no request to the trial court for an opportunity to inspect it. In addition, defendant took the deposition of the prosecuting witness and the transcript shows that it was used in the cross-examination of Whitney Moses. This served the purpose which a transcript of the preliminary would have served had it been available.

For all of these reasons, defendant's first assignment is overruled.

The second contention by defendant is that defendant's counsel was denied the right of examination of the police record, if any, of his accuser, Whitney Moses. The assignment in the motion for new trial was broader and applied to all witnesses indorsed on the information by the state, but the brief on appeal is l'mited to Whitney Moses. This alleged denial is claimed to violate §§ 10 and 18(a) of Article I of the Missouri Constitution.

Again, the transcript on appeal is devoid of any reference to this matter other than the assignment in the motion for new trial. No request of any kind was made to the trial court. Apparently, based on statements in oral argument, counsel asked someone in the St. Louis Police Department for a record check of Whitney Moses, which was refused. Defendant's brief simply states that "by policy of the Metropolitan Police Department of the City of St. Louis, this defendant is denied the right to even determine whether or not his accuser has a police record unless the accuser consents to the disclosure of the information."

We find no merit in this contention. What defendant is requesting is a rule which would permit an accused to inspect police department records of persons indorsed by the state on the information as witnesses against him. This would be a mere fishing expedition. Such records cover all arrests (irrespective of whether there is a conviction), comments of various kinds, and information which would not be admissible in evidence. There is no general right of discovery in criminal cases in this state, either by statute or by rule. State v. Aubuchon, Mo., 381 S.W.2d 807. It seems obvious that what defendant requests is wholly undesirable and that it is not required to protect the constitutional rights of a defendant. Inquiry could have been made to the Missouri Department of Corrections as to whether it had any record of a conviction of Moses, but counsel conceded in oral argument that this

had not been done. Defendant did take the deposition of Whitney Moses and asked him at that time whether he had been convicted of a crime. Moses testified that he had not, and at the actual trial he was not even asked about any prior convictions. Defendant's second assignment of error is overruled.

We have examined the parts of the record designated in Rule 28.02 and find them to be in proper form and free from error.

The judgment is affirmed.

All of the Judges concur.