**STATE of Missouri, Respondent,**

v.

**Shirlon Walter BERRY, Appellant.**

No. 53944.

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied March 9, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Robert M. Lindholm, St. Louis, for appellant.

STOCKARD, Commissioner.

Defendant Shirlon Walter Berry was charged under the Habitual Criminal Act (seven previous convictions consisting of five convictions for burglary and stealing, one conviction for carrying a concealed weapon, and one conviction for possession of apparatus for unauthorized use of narcotics) with stealing two coats from Stix, Baer & Fuller department store of the value of $87.50. Trial by jury was expressly waived in writing, and defendant was found guilty by the court and sentenced to imprisonment for a term of five years.

Defendant's points on this appeal are that the trial court erred (1) in overruling his motion for the "production of all relevant evidence favorable to appellant," (2) in refusing to direct the police "to comply with a subpoena duces tecum for production of relevant police reports," and (3) in refusing to direct the state's attorney to comply with a subpoena duces tecum "for production of warrant office statements and statements of all other witnesses which were in his possession."

Prior to trial defendant filed a motion that the court require the State to "disclose all evidence relevant to defendant * * *, especially that evidence favorable to said defendant, including but not limited to (1) the criminal and arrest records of all witnesses, and co-defendant [who though charged jointly apparently was tried separately] in this cause, (2) all statements made by witnesses relating to this cause, (3) all evidence of fingerprints found on the articles alleged to have been stolen or any wrapping or packaging for said articles, or containers, or packages therein, in which said goods may have been found at the time of the alleged stealing, taking and carrying away, and (4) all evidence known or unknown to said defendant, which might assist in his defense." This motion was overruled "except that the State is to notify defendant whether it will introduce evidence of defendant Berry's fingerprints, and if so, on what objects." On the same date the defendant also filed a motion that the court require the State to produce for his inspection (1) all police and arrest reports relating to the case, (2) all written or oral statements by him and his co-defendant, (3) all statements of witnesses, written or oral, (4) all criminal and arrest records of both defendants and all witnesses, and (5) a transcript of the preliminary hearing. The order of the court was that the motion be overruled "except for written statements, admissions or confessions" of defendant. As subsequently noted, defendant's counsel had at the time

of trial a transcript of the preliminary hearing. The transcript on appeal does not contain any application for or copy of a subpoena duces tecum, but the transcript does show that the circuit attorney was directed not to comply with "subpoena duces tecum directed to [him] * * * commanding production of warrant office statements and statements of all other witnesses in its possession or control in relation to the above styled cause," and that the police department was directed not to comply with a subpoena duces tecum "commanding production of all police reports relative to the arrest of defendants Jewell Martin and Shirlon Walter Berry on November 6, 1967."

In his argument defendant quotes from State v. Cody, Mo., 379 S.W.2d 570, that "'the ultimate purpose of a criminal trial is to procure substantial justice and not merely to convict the defendant.'" He argues that he and his court appointed counsel were without the "resources and organization to ascertain that all facts in [his] favor have been marshalled," but the circuit attorney had an "investigative staff" and a "trained legal staff" which resulted in the State having an advantage, and for this reason he should have been permitted access to documents in the State's file.

Before considering the merits of defendant's claim, we should set forth a brief summary of the evidence. From the State's evidence the trier of facts could find that defendant and Jewell Martin were together in Stix, Baer & Fuller department store and while there they took two coats from a rack, placed them in a bag they had and then placed a package on top of the coats and started to leave the store. The State's witnesses consisted of a store detective, a store security officer who witnessed the occurrence, a store employee who identified the coats, and a police officer who assisted in the arrest of defendant. The names and addresses of each of these witnesses were indorsed on the information, and there is nothing to in-

dicate that any attempt by defendant's counsel to interview them prior to trial was not successful. In their testimony on direct examination none of these witnesses referred to any previously made statement for the purpose of refreshing their recollection, or for any other purpose. However, during the cross-examination of the police officer a copy of the report by the arresting officers was furnished defendant's counsel without a request, and we note that defendant's counsel had copies of two statements made by the store detective to his employer concerning the incident. When the security officer was being cross-examined she was asked if she talked "to the police about this matter," and she replied that she gave them "a statement." No request was then made for that statement, and she was not asked what she said in it. At the time of the cross-examination of the security officer counsel for defendant had in his possession a transcript of defendant's preliminary hearing which he used extensively.

Charles Everett, Jr., a lifetime friend of defendant and who was then incarcerated in jail for grand larceny, and who had had numerous previous convictions ranging from nonsupport, trespassing, stealing, burglary, "narcotics," and murder second degree, was called as a witness by defendant. He testified that he and defendant had gone together to Stix, Baer & Fuller where he met Jewell Martin from whom he unsuccessfully attempted to obtain some money, but according to this witness, defendant was not acquainted with her. He stated that he then went to park his automobile and when he returned defendant and Jewell Martin had been arrested. Defendant testified that he had gone to Stix, Baer & Fuller to look for a girl named Sandra, and that while he was looking for her, Jewell Martin, whom he had not previously known, asked him for a cigarette, and he held a package for her while she lit the cigarette. It was while he was holding the package that he was arrested. Jewell Martin did not testify, but there is nothing to indicate that she was not available to defendant.

The two motions, one for the production of "all evidence relevant to the defendant" and the other for the "production and inspection of documents," are overlapping, and in the respects other than sustained by the court they constitute a request that the State open its file to defendant. The terms of the subpoenas duces tecum are not shown, but the orders of the court clearly indicate that they were blanket requests for all material including work products and information in the State's files.

■ Although Supreme Court Rule 25.19, V.A.M.R., authorizes the court to require the production upon request of documents and papers at or before trial, it was not intended to be a general rule of discovery, State ex rel. Arbeiter v. Reagan, Mo., 427 S.W.2d 371, and does not authorize a blanket request for all material in the possession of the prosecution or police. In State v. Aubuchon, Mo., 381 S.W.2d 807, this court held that there is "no general right of discovery by statute or rule in Missouri in criminal cases." However, it was stated that "Generally, * * * the defendant's counsel should be permitted to inspect any report or paper which a witness has referred to or used on the stand to refresh his recollection," but that a "mere fishing expedition is not to be permitted" to pry into an adversary's case. The court commented that in the reports and written statements of witnesses there is inherently an element of work product, and perhaps of privilege. It was then held: "The State is not permitted in any possible way to discover facts from a defendant; we are unwilling to open up, carte blanche, the files of the State to a defendant." It was concluded that "if there is a satisfactory showing that a report or statement of a witness in the hands of the State is of such nature that *without it*, the defendant's trial would be fundamentally unfair, then it should

be produced; otherwise not. And this decision rests, in the first instance, in the discretion of the trial court; * * *."

 Whether the motions filed in this case and the requests for subpoenas duces tecum be considered separately or together, there is no right of defendant to require the prosecution to prepare his defense, which was the result of the requests in this case.

 Defendant's argument is to the effect that he should have been entitled to search the file of the State to more evenly balance the resources available to a defendant with the resources of the State, but he points to nothing that resulted in basic unfairness in his trial. We are not convinced that the rule announced in State v. Aubuchon, supra, should be changed, or that it was not followed in this case.

Defendant has presented pro se a contention to this court through his counsel which in substance is a challenge to the sufficiency of the evidence. He cites State v. Favell, Mo.App., 411 S.W.2d 245, and State v. Muchnick, Mo.App., 334 S.W.2d 386, for the propositions that the evidence "must go beyond mere suspicion," the defendant is "presumed to be innocent" until guilt is established beyond a reasonable doubt, and where "guilt of stealing" depends on circumstantial evidence, the evidence must be consistent with guilt and inconsistent with innocence. He also asserts that " 'where it is sought to hold a person responsible for the act of another it ought to be shown that he authorized such act or in some way aided or directed it.' " As generally stated propositions, we do not disagree. However, from our previous statement of the facts which a jury, or court when the case is tried without a jury, could find from the evidence, it is clear that the evidence is sufficient. In addition, based on our independent analysis of the evidence in this nonjury tried case,

we agree that the finding of guilty was proper.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.