Sherwood Franklin **STRAUSER,**
Petitioner,

v.

Dr. P. J. **CICCONE,** Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 17988-3.

United States District Court,
W. D. Missouri, W. D.

March 2, 1970.

**1012**

---

Sherwood Franklin Strauser, pro se, petitioner.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus ordering his release from the Medical Center on the ground that his sentence has terminated. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was, on his plea of guilty, convicted of a "Dyer Act" violation; that he was sentenced on that conviction on October 15, 1964, to a term of four years' imprisonment by the United States District Court for the District of Wyoming; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed no prior petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction; that petitioner "was released on mandatory release on August 19, 1967, to the State of Kansas who had [a] detainer"; that the "final termination date of sentence was October 15, 1968, less 180 days"; that "petitioner posted bond on the state offense and later went to Colorado where he was arrested by the F.B.I. and was served with a violation warrant on January 9, 1969, but was then given back to Kansas for trial on the original charge existing when he was released on mandatory release"; that petitioner is now in a federal prison despite his contention that the federal authorities surrendered jurisdiction of him by delivering custody of him to Kansas authorities after his arrest on the federal parole violation warrant; and that he was represented by counsel at his arraignment and plea and at his sentencing.

██ ██ As grounds for his contention that he is entitled to immediate release under a writ of habeas corpus, petitioner states that his "federal sentence has expired, either by (a) continuing to run

from [the date of] original [mandatory] release, or (b) by running after service of violation warrant and release to another jurisdiction." Since petitioner might thereby have stated that the parole violator's warrant may have issued after the "expiration of the maximum term or terms for which he was sentenced less than one hundred and eighty days" in violation of § 4164 of Title 18, U.S.C., and that the federal authorities lost jurisdiction of him when they remanded him to state custody after arresting him on the warrant, the show cause order of this Court issued on January 28, 1970. Respondent's response was timely filed on February 17, 1970. Therein, respondent averred that petitioner was sentenced in the United States District Court for the District of Wyoming, on his plea of guilty to a violation of § 2312, Title 18, U.S.C., to a term of four years' imprisonment on October 16, 1964; that on "August 18, 1967, petitioner was mandatorily released under the provisions of 18 U.S.C. § 4163"; that "petitioner's expiration date, less 180 days, was April 18, 1968"; and that the mandatory release violator's warrant was issued on January 23, 1968. In his traverse of the response, petitioner specifically admitted the issuance of the warrant on January 23, 1968, and went on to mention other matters outside the scope of the petition and response. Thus, it appears that the full term of petitioner's maximum sentence, less 180 days, computed from the time of the original beginning of the sentence, was April 18, 1968. The execution of a parole violation warrant after this time is proper so long as the warrant was issued prior to that time, as it was in this case. See Humphrey v. Wilson (W.D.Mo.) 281 F.Supp. 937; Gregory v. United States Board of Parole (W.D.Mo.) 308 F.Supp. 258; Sprouse v. Settle (C.A.8) 274 F.2d 681. Petitioner's contentions in this regard are therefore without merit.

■ Further, petitioner's contentions that the United States lost jurisdiction of him when it turned him over to state authorities to be prosecuted under a state charge are also without merit. It is well established that the federal authority does not lose jurisdiction to enforce a federal sentence against a prisoner because it permits a state to take the prisoner into custody to serve a state sentence. Jones v. Taylor (C.A.10) 327 F.2d 493, cert. den. 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051. See also Saylor v. United States, Board of Parole, 120 U.S.App.D.C. 206, 345 F.2d 100, 102, cert. den. 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161, holding that it is not "within either the letter or the spirit of the statutory scheme prescribed by Congress for the apprehension of federal parole violators to afford the federal officers no latitude whatsoever to make such persons available for state prosecution and punishment, except at the price of seeing that punishment serve also as a satisfaction of the pending federal sentence." This ground is without merit therefore.

■ In his traverse, petitioner mentions certain matters regarding his original conviction and several others relative to his parole violation, apparently contending that he was innocent in both instances. Those allegations will not be considered in this case, because they were not properly raised in the petition. They may be made the subject of a subsequent petition in habeas corpus, but any challenge to the original conviction should be made in a motion to vacate sentence in the committing court under § 2255 of Title 28, U.S.C. (see Smith v. Harris (W.D.Mo.) 237 F.Supp. 665, affirmed (C.A.8) 351 F.2d 309; Anno., 20 A.L.R.2d 976), while contentions relating to procedure before the Parole Board should be raised in habeas corpus in the United States District Court for the District of Columbia.

For the foregoing reasons, it is

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.