**STATE of Missouri, Respondent,**

v.

**Duane Harold SWIGGART, Appellant.**

No. 54834.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Alan G. Kimbrell, Clayton, for appellant.

HOUSER, Commissioner.

By indictment Duane Harold Swiggart and David Michael Lusk were jointly charged with the first degree murder of George Hassen. Lusk took a severance. Lusk, tried first, was convicted. On appeal the judgment was reversed. State v. Lusk, Mo.Sup., 452 S.W.2d 219. In Swiggart's case an information was filed in lieu

of indictment, adding to the allegations of assault, conjunctively, the element of exposure of Hassen's body to the elements. A jury found him guilty of murder in the first degree and he has appealed.

One of the grounds for reversal of the judgment of conviction in the Lusk case was that the disjunctive submission of the assault as a contributing cause of the death was not supported by the evidence. The evidence on this issue was thoroughly analyzed and the pertinent law applied in the opinion in State v. Lusk, supra. The evidence on this issue was substantially the same at the two trials. Verdict-directing Instruction No. 1 in Swiggart's case was identical in all pertinent respects with Instruction No. 1 given in Lusk's trial. On the authority of the Lusk case, supra, 452 S.W.2d pp. 221, 222, 223, we reverse the judgment in Swiggart's case and remand the cause for a new trial.

Other points raised in appellant's brief need not be ruled on this appeal either because they are not likely to reoccur or because the State, having the benefit of appellant's challenges on this appeal, may avoid these pitfalls on retrial. These involve other instructions given at the first trial; the contention that the opinion of Dr. Ganter as to the cause of death was based entirely on hearsay; the admission in evidence of an allegedly gruesome photograph of the body of the deceased, and certain rulings made by the court during the empanelling of the jury. On these matters we will not issue an advisory opinion.

Appellant raises one other point, however, which should be decided on this appeal, namely, that the court erred in overruling appellant's pretrial motion for discovery of evidence, quashing his subpoena duces tecum for a police report and in overruling his trial motion for disclosure of evidence. Prior to trial Swiggart filed a motion "to inspect all evidence in the possession of the State favorable to this defendant," requesting "a list of witnesses and their statements, known to the State to have knowledge of this cause favorable to the defense." After the case was assigned for trial Swiggart filed a motion for disclosure, requesting "the names of all persons, other than those endorsed by the State as witnesses, whom the Prosecuting Attorney has been informed were or may have been in 'Artie's Loop Bar on February 28 and February 29, 1968." During the trial Swiggart's counsel caused a subpoena duces tecum to issue to the police department to bring in "all of the police reports" relating to the investigation of the death of George Hassen. The court overruled the motions and ordered the subpoena quashed. The question is whether in so ruling the court erred, in the light of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Giles v. Maryland 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737, and State v. Thompson, Mo.Sup., 396 S.W.2d 697. Appellant also cites and relies upon the unpublished opinion in State v. Cannon, No. 54,252, decided July 13, 1970 in Division 1, but that case treats of a different aspect of this problem, and has no binding force in any event, for it is in the status of a pending and undecided case, having been transferred to the court en banc on the dissent of one of the judges.

Swiggart contends that the prosecuting attorney has a positive duty to disclose all evidence in the possession of the State favorable to the defendant and that if furnished the names of all persons interviewed by the police and given access to the police reports the witnesses thereby revealed "might have shed light" on the extent to which George Hassen was intoxicated; "may have been able to state" whether Hassen fell or received an injury in the bar, and "might have been able" to say "whether the waitress at the bar asked Lusk or Swiggart to remove Hassen from the bar." Swiggart contends for a rule which would give an accused unlimited access to all of the files of prosecuting and police officials. Such a rule has never been in force in this State. There is no general right of discovery in criminal cas-

es, either by statute or court rule. State v. Yates, Mo.Sup., 442 S.W.2d 21; State v. Coleman, Mo.Sup., 441 S.W.2d 46; State v. Reynolds, Mo.Sup., 422 S.W.2d 278; State v. Maxwell, Mo.Sup., 400 S.W.2d 156. Criminal "Rule 25.19 [authorizing issuance of a subpoena duces tecum] does not permit unlimited discovery, nor should it be construed to do so." State ex rel. Arbeiter v. Reagan, Mo.Sup., 427 S.W.2d 371, 374. Criminal Rule 25.19, V.A.M.R., "does not authorize a blanket request for all material in the possession of the prosecution or police. * * * Whether the motions filed in this case and the requests for subpoenas duces tecum be considered separately or together, there is no right of defendant to require the prosecution to prepare his defense, which was the result of the requests in this case." State v. Berry, Mo.Sup., 451 S.W.2d 144, 146 [1], 147 [2]. In State v. Aubuchon, Mo.Sup., 381 S.W.2d 807, and subsequent cases, this Court has frequently expressed its unwillingness to "open up, carte blanche, the files of the State to a defendant," or, as otherwise expressed, to permit the defendant to engage in a fishing expedition. State v. Berry, supra; State v. Yates, supra; State v. Blevins, Mo.Sup., 421 S.W.2d 263, 268. Such a wholesale review of the State's files and complete appropriation of the work product of the prosecuting officials and investigative agencies, without focusing on one particular material item, is not authorized or required.

The case of Brady v. Maryland, supra, does not require "that the prosecuting attorney perform the investigation and preparation for trial which normally should be performed by defense counsel." State v. Reynolds, supra, 422 S.W.2d l. c. 283. In Brady v. Maryland petitioner's counsel did not, as here, request the prosecution to allow him to examine all evidence favorable to him, but limited his request to his codefendant's extrajudicial statements. Several statements were shown to him but one statement (the one in which he was interested, in which the codefendant admitted the actual homicide) was withheld and did not come to his attention until after the conviction was affirmed on appeal. The element of suppression of material evidence was involved. The Supreme Court of the United States held that " * * * the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S., l. c. 87, 83 S.Ct., l. c. 1196, 10 L.Ed.2d, l. c. 218. That element is missing in the case before us. Brady v. Maryland does not require the prosecution to divulge everything in the State's files on the prospect that something might be found which might or might not prove to be helpful to the defense. State v. Reynolds, supra; State v. Yates, supra.

Judgment reversed and cause remanded for a new trial.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HOLMAN, J., concurs.

SEILER, P. J. concurs in separate concurring opinion filed. BARDGETT, J., concurs in separate concurring opinion of SEILER, P. J.

SEILER, Presiding Judge (concurring).

I concur in the portion of the opinion reversing the judgment and remanding the cause for a new trial because of the error in the instruction.

However, I see no good reason not to sustain the motion of defendant asking for the names of all persons other than those endorsed by the state as witnesses whom the prosecuting attorney had been informed were in the bar on the occasion

in question, assuming the matter is not moot by reason, if so, of defendant's counsel having the desired information already as result of the evidence presented by the state in the first trial. If the motion is sustained, the names sought could easily be produced under supervision of the trial court without necessitating the unlimited access to the files of the prosecutor and the police so feared by the main opinion.

■ Witnesses do not belong to the state even though they have been interviewed by the state or listed by the police in their investigation. Once defense counsel has the names of the people who were in the bar he would have to do his own work to find out by talking to them what they knew about the case, but I see no reason why he should not be given the names, and certainly providing him with these witnesses does not mean we would be requiring the prosecution to prepare his defense. The objection that providing names of witnesses means one side is being asked to prepare the other side's defense or case is reminiscent of the apprehensions which were voiced twenty years or so ago against enlarging discovery in civil litigation, which experience has proved groundless.