**Vernon Douglas ROMPREY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 19196–3.**

United States District Court,
W. D. Missouri, W. D.

May 10, 1971.

Vernon Douglas Romprey, pro se.

J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

**JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction of first degree robbery. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Jackson County of the offense of first degree robbery; that he was sentenced on that conviction on November 29, 1956,

to a term of life imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the Missouri Supreme Court affirmed the judgment and sentence on appeal in State v. Romprey, Mo., 339 S.W.2d 746; that petitioner has subsequently filed a motion to vacate his sentence under Rule 27.26, Mo.R.Crim.P., V.A.M.R., in the state trial court, which was overruled on April 17, 1970; that he appealed from the judgment of the state trial court overruling the motion to vacate under Rule 27.26; that that appeal is still pending; that he subsequently filed petitions for habeas corpus in the Missouri Supreme Court and the Missouri Supreme Court en banc, which were both denied on January 11, 1971, and March 8, 1971, respectively; and that he was represented by counsel at his arraignment and plea, at his trial, upon sentencing, upon appeal ("but no brief was filed") and upon preparation, presentation and consideration of his petitions, motions or applications filed with respect to his conviction and sentence.

Petitioner stated the following as grounds for his allegation that he is being held in custody unlawfully:

"(a) Petitioner was denied due process of law under the Fourteenth Amendment to the Constitution of the United States on appeal from a conviction and life sentence for the offense of robbery in the first degree under the Second Offender Act.

"(b) Petitioner was denied the effective assistance of counsel under the Sixth Amendment to the United States Constitution on his appeal from a conviction and life sentence for the offense of robbery in the first degree under the Second Offender Act."

Petitioner states the following as facts in support of the above grounds:

"On the date of November 29, 1956, following conviction in the Circuit Court of Jackson County, Missouri, petitioner was sentenced under the provisions of Section 556.280, RSMo 1949, to a term of life imprisonment for the offense of Robbery in the First Degree.

"Thereafter and on the same date, petitioner filed his Motion for Leave to Appeal in forma pauperis. The motion was sustained by the trial court but thereafter the court failed to make an appointment of counsel to prosecute the appeal. Subsequently, petitioner obtained the services of retained counsel for the purpose of representing him on said appeal.

"Thereafter and on the date of November 14, 1960, the Supreme Court of Missouri en banc affirmed the judgment and sentence of the circuit court, State v. Romprey, 339 S.W.2d 746.

"The official published report of the opinion of the Supreme Court of Missouri en banc, states that:

'The defendant has filed no brief and we will therefore review the assignments properly made in the motion for new trial.' 339 S.W.2d 746 at 749(1, 2). (Emphasis added).

"Petitioner has made three *pro se* attempts to have the judgment of affirmance in State v. Romprey, *supra,* set aside in order that he might have the opportunity to obtain a new appeal with the assistance of counsel for the purpose of preparing and filing a brief and presenting oral argument in accordance with the principles of Douglas v. California, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]; Anders v. California, [386 U.S. 738] 87 S.Ct. 1396; [18 L.Ed.2d 493] and Swenson v. Bosler, [386 U.S. 258] 87 S.Ct. 996 [18 L.Ed.2d 33]

"On three separate occasions the Supreme Court of Missouri has refused to grant petitioner a new direct appeal wherein he might have the benefit of an appeal brief prepared by competent counsel. See page 6 herein."

Although petitioner had not fully exhausted his state remedies with respect

to all of his contentions, this Court, under the doctrine of exceptional circumstances, issued the show cause order on March 25, 1971, because petitioner might have exhausted his state remedies with respect to the important allegation of denial of counsel on appeal. Therein, the Court stated:

"It appears that petitioner's statements, if true, may state a denial of his federal rights under the doctrine of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, reh. denied 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200. See Caffey v. Swenson (W.D.Mo.) 298 F.Supp. 994. Further, petitioner states that he filed in the Missouri Supreme Court a motion 'to set judgment of affirmance aside' which was denied on December 9, 1968. Caffey v. Swenson, *supra*. It therefore appears that petitioner states the exhaustion of state remedies in respect to this contention as well as the denial of a well established federal right. Even though petitioner's appeal from his Rule 27.26 motion is . . . currently pending in the Missouri Supreme Court, this Court should grant a show cause order requiring the respondent to show cause why the writ of habeas corpus should not issue releasing petitioner from his confinement unless he is granted a new appeal with counsel in the Missouri Supreme Court."

Respondent's response, filed on April 16, 1971, contained documents which showed that, after the affirmance of the judgment of the trial court on direct appeal, counsel for petitioner moved for and obtained a rehearing and transfer to the Court en banc of petitioner's direct appeal; that counsel then filed a brief in the Missouri Supreme Court en banc, covering two of the issues raised by the prior motion for new trial in the trial court and making references as appropriate to the trial transcript; and that the Missouri Supreme Court en banc then adopted the opinion of Division One as the opinion of the Court en banc,

omitting through negligence to strike out the sentence stating as follows:

"The defendant has filed no brief and we will therefore review the assignments properly made in the motion for new trial." 339 S.W.2d at 749.

In his traverses of the response, petitioner has shifted his factual contentions, first contending that the "Respondent's theory that seven justices and one commissioner of the Missouri Supreme Court *en banc* could have 'inadvertently failed to delete' an important paragraph of an opinion in a case is fantastic," and refusing to admit the accuracy of the above documents including the brief "for the reason that he has never been personally served with copies of said documents." Thereupon, the Court transmitted copies of the documents to petitioner on April 26, 1971, directing him to admit or deny their genuineness and accuracy. Thereupon, petitioner admitted the accuracy and correctness of the documents but contended that the brief had not been considered by the Missouri Supreme Court en banc.

Also accompanying the response in this case were documents initially admitted by petitioner to be genuine and accurate and pertaining to the question of exhaustion of state remedies. They show that petitioner filed on November 26, 1968, a motion in the Missouri Supreme Court "to set the judgment of affirmance aside"; that the motion was overruled on December 9, 1968, "because defendant was represented by counsel and a brief filed in his behalf in this Court"; that petitioner then filed a petition for habeas corpus in the Missouri Supreme Court on December 28, 1970, which was denied on January 11, 1971,

"for reason that files of court disclose that a brief was filed on behalf of defendant by attorney, J. K. Owens, before the Supreme Court en banc";

and that another petition for habeas corpus was filed by petitioner in the Missouri Supreme Court on February 12, 1971, which was denied by reference to

"order of January 11, 1971, on previous application for habeas corpus." Petitioner has thereby obtained a decision of the Missouri Supreme Court adverse to him on his contention of denial of counsel on appeal. Petitioner has therefore exhausted his state remedies in respect to this contention. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Caffey v. Swenson, *supra*; Gray v. Swenson (W.D.Mo.) 271 F.Supp. 912. But the documents submitted by respondent, and agreed to be accurate and genuine by petitioner, show conclusively that petitioner was in fact represented by counsel on his direct appeal from his conviction and that a brief was filed by him in the Missouri Supreme Court en banc. Thereby, the rules of Douglas v. California, *supra,* and of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, that an accused should have the benefit "of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf" (372 U.S. at 358, 83 S.Ct. at 817, 9 L.Ed.2d at 815) and that this assistance of counsel must include the "preparing and submitting a brief . . . which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript" (386 U.S. at 259, 87 S.Ct. at 997, 18 L.Ed.2d at 35) have been satisfied. It is petitioner's contention, however, that he is still entitled to relief because:

"Petitioner contends that Respondent's Exhibit 'D' [the brief on appeal], if brought to the attention of the Missouri Supreme Court en banc, was never considered by that Court, either because it was not timely filed or because it failed, in some other manner, to comply with appellate rules.

"Inasmuch as the Rules of the Missouri Supreme Court provide for filing *additional* briefs when a cause is transferred to the Court en banc, it is entirely possible the Court refused to consider appellant's brief in Cause No. 45992 because none had been filed in Division Number One."

The applicable law, however, obligates the Missouri Supreme Court en banc to reconsider the entire record on appeal when a transfer to the Court en banc is granted, as it was in the case at bar, under the provisions of Article 5, Section 9 of the Missouri Constitution of 1945, V.A.M.S. A case transferred to the Missouri Supreme Court en banc "has no binding force . . ., for it is in the status of a pending and undecided case." State v. Swiggart, Mo., 458 S.W.2d 251, 252. Under the provisions of Rule 84.05(e), Mo.R.Civ.P., relating to transfers from courts of appeals, a provision is made for filing additional briefs, but there is nothing in that rule or any other rule prohibiting the Missouri Supreme Court from considering a brief filed after the granting of the motion to transfer to the court en banc. In fact, under State v. Swiggart, *supra,* the Court is under an obligation to consider the newly-filed brief. The possible contention that the Missouri Supreme Court en banc failed to do so in this instance cannot be attributed to denial of counsel on appeal. It is shown that petitioner was represented by counsel on appeal who filed a brief for him in accordance with proper procedures. Petitioner's distinctly different contention that the Missouri Supreme Court failed to fulfill its obligation under the law to consider the brief has not been properly raised in the petition in this case (as it must be under the applicable rules of Strauser v. Ciccone (W.D.Mo.) 310 F.Supp. 1011, 1013, affirmed (C.A.8) 432 F.2d 1359, and Caffey v. Swenson (C.A.8) 437 F.2d 70) and may be raised by him on a subsequent petition for habeas corpus to be filed when petitioner has exhausted his remedies under Missouri Criminal Rule 27.26 (which are still pending in the Missouri Supreme Court).

■ Petitioner has also contended that he was entitled to the assistance of counsel who would have briefed "each and every meritorious assignment of error preserved in the motion for new

trial, in addition to other matters which can be raised for the first time on direct appeal." But this is hardly an allegation which is relevant to the consideration of whether petitioner was provided with the assistance of counsel on appeal. It is a question of *ineffective* assistance of counsel, not of *assistance* of counsel, under which the Court considers whether the briefing was adequately done. The rules of *Douglas, supra,* and *Bosler, supra,* may be violated when no counsel is appointed on appeal or retained, or when appointed or retained counsel does absolutely nothing on appeal and is not instructed by the court to do anything. See, e. g., Breen v. Beto (C.A.5) 421 F. 2d 945. But a decision on the appropriate methods of briefing and the points on which to concentrate, is one to be made upon considering the effectiveness of counsel's assistance. Furthermore, in the "motion for rehearing or in the alternative to transfer cause to the Court en banc" filed on petitioner's behalf in Division One of the Missouri Supreme Court on June 21, 1960, it was asserted that:

> "The appellant [petitioner in this case] wishes to raise one issue in this case, and that is that the Court should reconsider it's (sic) opinion in this case in holding that the Circuit Court did not err in failing to sustain appellant's motion to discharge the jury when the Prosecuting Attorney deliberately commented on the failure of the appellant to testify or produce evidence, thus prejudicing the appellant."

Although invited by the Court to deny the truth and accuracy of this allegation previously made by him, petitioner failed to do so. It therefore appears that counsel did in fact brief the points which petitioner wished him to brief to the Missouri Supreme Court en banc.

For the foregoing reasons, it is concluded that petitioner's contention of the denial of assistance of counsel on direct appeal under Douglas v. California, *supra,* and Swenson v. Bosler, *supra,* is without merit and that the petition for habeas corpus herein must be denied on its merits with respect to that contention.

■ With respect to the other contentions, petitioner has an adequate and unexhausted remedy in the Missouri courts under Missouri Criminal Rule 27.26 and his appeal from the denial of his Rule 27.26 motion by the state trial court is, according to his allegations, still pending in the Missouri Supreme Court. During the pendency of that appeal, this Court should not consider the merits of petitioner's other contentions. Murphy v. Wilson (C.A.9) 409 F.2d 840. Petitioner should therefore continue to prosecute his appeal in the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in this case, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Section 2254, *supra*; Fay v. Noia, *supra*; Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196.

For the foregoing reasons, it is

Adjudged that the petition herein be, and it is hereby, denied with respect to the contention of denial of counsel on direct appeal from his conviction. It is further

Adjudged that the petition herein for habeas corpus otherwise be, and it is hereby, dismissed without prejudice.