**In the Interest of R. G., a child under 17 years of age, Appellant.**

**No. 57084.**

Supreme Court of Missouri, Division No. 1.

June 11, 1973.

T. E. Lauer, Acting Director, Ellen C. Hanson, National Juvenile Law Center, St. Louis University School of Law, St. Louis, for appellant; Joe A. Cannon, St. Louis, of counsel.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from final judgment under Chapter 211, V.A.M.S., asserting presence of questions involving construction of the Constitution of the United States and of this state.

The transcript shows the following pertinent matters:

On January 18, 1971, William J. Murphy, Juvenile Officer of the Juvenile Court, the Juvenile Division of the Circuit Court of the City of St. Louis, filed a petition in the interest of R. G., born September 13, 1954, child of, and in custody of, his parents, I. W. G. and R. G., alleging that he was within the applicable provisions of Section 211.031, V.A.M.S., particularly Section 211.031(1)(c), "in that the child's behaviour is injurious to his welfare and the welfare of others," and Section 211.031(1)(d), "in that the child has violated a State Law or Municipal Ordinance, in this, * * * That R. G. in the City of St. Louis, * * * on the 9th day of December, 1970, at approximately 12:35 P.M. did in concert with another, feloniously and burglariously, forcibly break and enter the dwelling of Lee Arthur Holland located at 5129 Labadie Avenue, with the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property of the aforesaid Lee Arthur Holland then and there kept or deposited in said building, contrary to Section 560.045, Missouri Revised Statutes," and that "Said child cannot receive in his own home, such care, guidance and control as will conduce to the welfare of said child, and the best interests of the State as required by" Chapter 211, supra.

On February 22, 1971, Ellen Hanson, attorney at law, pursuant to prior appointment by the court to represent the child, entered her appearance and consented to act.

On February 22, 1971, an adjudicatory hearing on the petition took place before Referee Francis L. Kane of the Juvenile Division of the Circuit Court of the City of St. Louis, at which the child, his lawyer, his parents, and petitioner's counsel were present and three witnesses were heard. Referee Kane filed "Determination Upon Adjudicatory Hearing" which noted the allegations of the petition with respect to jurisdiction of the Juvenile Court, notice to, and presence of, the child and his parents "with their counsel," and their denial of the allegations of the petition; and that after hearing, the child was adjudicated "a ward of the Court," and, after hearing the proof and testimony on the petition, "The Referee finds beyond a reasonable doubt and on clear, cogent and convincing evidence that R. G. did on the 9th day of December, 1970, in concert with another, willfully and unlawfully break and enter the home of Arthur Holland with the intent to steal, take and carry away certain goods, wares and personal property of Mr. Arthur Holland with the intent to permanently deprive the owner of use of. * * * That * * * [he] was a person under the age of 17 years * * * and that the Court has jurisdiction * * * by reason of the founded violation of Section 211.031, as aforesaid." Referee Kane ordered a social investigation of the child pursuant to Section 211.041, V.A.M.S., and set the matter for dispositional hearing March 15, 1971. R. G. and his father requested a rehearing from the findings and recommendations of "the Commissioner [Referee Kane] * * * as to all issues before the Court on the hearing date."

On February 26, 1971, R. G. filed "Motion To Compel Referee's Report * * * in accordance with Civil Rule 68.12 [V.A. M.R.]," asserting that Referee Kane made the previously quoted finding "and failed to state any facts upon which his conclusion was grounded"; that upon further request, "Referee Kane stated that the allegations of said petition were the facts upon which his conclusion was grounded,"

and requested the court to require Referee Kane to make a full report of facts upon which his finding was based. This motion was denied by the court February 26, 1971.

On March 2, 1971, the Honorable Theodore McMillian, Judge of the Juvenile Court, granted the request for rehearing and set the cause for hearing March 22, 1971.

On March 4, 1971, R. G. filed "Motion for Free Transcript of Referee's Hearing," asserting a transcript of the Referee's hearing was "necessary to the preparation of an adequate defense * * * so that counsel may provide adequate assistance of counsel as required by the Sixth Amendment * * *. That a denial of the right to a transcript * * * would deprive * * * of due process and equal protection of the law * * *." The court denied the motion.

On March 22, 1971, R. G. moved to dismiss "for failure to prosecute and to provide for a speedy trial." The motion to dismiss was denied; the motion to provide speedy trial was sustained.

On April 12, 1971, Judge McMillian accorded an adjudicatory hearing on the petition at which the child, his father, his attorney, and counsel for petitioner were present and three witnesses testified, after which the "partially heard" cause was continued for further hearing April 27, 1971.

On April 16, 1971, R. G. filed "Motion for Free Transcript of Referee's and Judge's Hearing," reasserting grounds from his March 4th motion, and surprise by virtue of the continuation of the adjudication hearing.

On April 21, 1971, this second motion for transcript was denied.

On April 27, 1971, the adjudicatory hearing was resumed before Judge McMillian, at which the child, his parents, his lawyer, and counsel for petitioner were present, and two more witnesses were heard. Upon conclusion of the adjudicatory hearing, the

court found beyond a reasonable doubt that the child did forcibly break into and enter the home of the victim, Lee Holland, with intent to steal, take and carry away the goods, chattels and merchandise of Mr. Holland. The cause was passed "for disposition" to May 17, 1971.

On May 17, 1971, Judge McMillian accorded a dispositional hearing at which the child, his parents, his lawyer, and counsel for petitioner were present, and two more witnesses testified. The cause was partially heard and passed for further hearing after completion of a psychological examination.

On June 2, 1971, Judge McMillian accorded further dispositional hearing at which all parties and counsel were present. At the conclusion of the hearing, the court committed the child to the State Board of Training Schools, ordered the commitment held in abeyance, and placed the child under court supervision for one year.

On June 11, 1971, R. G., through counsel, filed Motion for New Trial.

On June 14, 1971, the court denied the motion for new trial.

On June 22, 1971, the child was permitted to proceed *in forma pauperis*, and notice of appeal was filed.

On September 15, 1971, the transcript on appeal was approved by counsel for the petitioner and the juvenile.

The approved transcript does not contain any of the evidence before either the referee or the judge. However, this is understandable because appellant does not question the sufficiency of evidence to support the judgment of the trial court. Neither does he question the jurisdiction of the court to refer the matter to a referee in the first instance and to enter the judgment, nor does he question the form and substance of the judgment.

Appellant contends (I) that the referee erred in failing to sustain his request for a statement of the grounds of his decision and of the findings of fact in accordance with Rule 73.01(b). He asserts (A) that the referee had a duty to report and make specific findings. He argues that the referee, when requested to give his findings, read the allegations of the petition and thus violated Rules 73.01(b), 68.04, and 68.-09, V.A.M.R., with respect to findings of fact; that without a report, he did not know on what grounds the allegations were found (by the referee) to be true; and that judgments of the juvenile court should be accompanied by findings of fact. He asserts (B) that the duty of the referee to report is not met by repeating allegations of the petition. He argues that the referee should predicate his reports upon evidence and facts and not upon mere allegations in the complaint.

The answer to appellant's Point I is fivefold:

■ Rule 73.01(b) provides that at or after trial, the court shall render such judgment as it thinks right upon the law and the evidence, and if any party shall so request before first submission, the court shall dictate or prepare and file a brief opinion stating grounds for decision and all fact issues upon which no specific findings are made shall be deemed found in accordance with the result. This rule, as indicated by its title and substance, is applicable to trial by court without a jury. Appellant's contention does not go to his hearing before the court or to its findings and judgment, and it is not shown how the rule applies to referees.

■ Rules 68.04 and 68.09 are, as of September 1, 1972, embodied in Rules 68.01 to 68.03, Masters and Receivers. Prior to repeal, Rule 68.04 provided that the referee appointed in pursuance of any order of reference shall proceed with diligence to hear and determine the matter in controversy; Rule 68.09 provided that referees should have the same power given by law to magistrates to issue subpoenas for and compel attendance of witnesses, to administer oaths, and punish contempts committed

in their presence. Neither of these rules suggest a duty of a referee to make or report findings of fact.

With respect to the desirability of findings by the referee, "If the parties desired specific findings by the referees, they should have so stipulated in the order of reference. In the absence of any statute requiring specific findings, a general finding will be sufficient, unless the order of reference directs otherwise." Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484, 3 S.W. 865, 866 (1887).

■ Irrespective of requirement of findings and report by the referee, it may not be said on this record that the referee made no finding. The reiteration of the facts of the complaint may be less than appellant feels should have been forthcoming but it did inform the child what was found; and, absent a question of sufficiency, the evidence must be assumed sufficient to support the referee's finding.

■ Finally, appellant's complaint of lack of findings and report by the referee has been rendered academic by the hearing accorded by the court itself. All issues raised by the petition touching the child's situation were determined after adjudicatory and dispositional hearings before the court, and its judgment (the same as the referee's finding) is not attacked.

Appellant contends (II) that it was error for the court to deny his motion for a transcript of the referee's hearing so that counsel might provide adequate assistance of counsel. He asserts (A) that the Sixth Amendment guarantees the right to counsel and effective assistance of counsel; (B) that effective assistance of counsel includes the right to a free transcript of prior hearings; (C) that in order to render effective assistance, counsel requires a transcript of the referee's hearing for purposes of discovery, impeachment, and adjudicatory hearing preparation; (D) that an indigent is guaranteed the right to a free transcript as a matter of due process; and (E) that this latter right applies to juveniles.

■ There is no question that this child had a right to effective counsel under the many authorities cited by appellant, e. g., Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Also, under appellant's authorities, effective assistance of counsel requires and includes the right to a free transcript on appeal, which right concededly was accorded this appellant by providing him with his approved transcript for this appeal. It has also been suggested that a free transcript may be required for a defendant in a criminal case when his first trial ends with a hung jury and he is being put upon second trial. Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).

■ Appellant's argument breaks down, however, when he likens his hearing before the referee prior to his rehearing before the court to an adult's preliminary hearing in magistrate court in a felony case prior to his trial before the circuit court, and asserts that failure of the trial court to allow him a free transcript of the referee's hearing was prejudicial to proper preparation for the rehearing before the court. This argument was denied in State v. Maxwell, 400 S.W.2d 156 (Mo.1966), holding that a defendant has no constitutional right to transcript of preliminary hearing. Similarly, this appellant has not shown any right to a free transcript of proceedings before the referee prior to his hearing before the court.

Further, as a practical matter, this appellant does not demonstrate what value, if any, a transcript of the referee's hearing would have. Although he asserts existence of contradictory testimony, he presents none of it by his approved transcript and tacitly concedes its sufficiency as evidence to support the unattacked judgment of the trial court.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.