STATE of Missouri,
Plaintiff-Respondent,

v.

Sylvester GREENLAW,
Defendant-Appellant.

No. 40247.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 22, 1980.

John Ashcroft, Atty. Gen., Paul R. Otto, Steven Steinhilber, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

Robert A. Hampe, St. Louis, for defendant-appellant.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of three counts of robbery in the first degree and sentence by the court to three concurrent 18 year terms. We affirm.

Prior to six a. m. on the date of the robbery three women were waiting for a bus on Grand Avenue in the City of St. Louis. They were approached by two men. One man, in a black jacket, kept one hand in his pocket and patted down the women with his other hand. The second man, in a red or brown jacket, instructed the women to give him and his cohort their purses so they "wouldn't be hurt." The women complied with this request. The man in the brown jacket took the three purses, one forcefully, and the two men fled. Shortly thereafter the police arrived on the scene and immediately brought a suspect they had apprehended to the crime scene. He was identified by the victims as the man in the black jacket. The police brought a second suspect to the area but the victims said he was not involved and he was released. Within a half hour after the crimes the police brought defendant to the victims, still located near the crime scene. The victims promptly identified him as the man in the brown or red jacket. These identifications were based upon both clothing and appearance. Defendant had been apprehended by a police officer who located the discarded purses and then followed footprints in the snow to a shed where defendant was hiding.

■ On appeal defendant raises four points. The first is that the state concealed a material witness, the eight year old daughter of one of the victims. The presence of the child had not been noted in the police report because her mother had requested that the child not be involved. The prosecutor learned of the child for the first time on the afternoon preceding trial. After the defense attorney was informed of the presence of the child (shortly after the prosecutor became aware of the fact) the attorney for defendant was allowed an opportunity to voir dire the child in the judge's chambers. The child's testimony at that time was essentially consistent with that of the three victims. Additionally the child promptly selected a picture of defendant from a group of four pictures as one of the robbers. She had been shown no pic-

tures since the day of the robberies, 11 months earlier, nor had she seen defendant since the robbery. The child was not called as a witness.

■ Here there was no willful suppression of evidence by the prosecution. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *State v. Jackson,* 519 S.W.2d 551 (Mo.App.1975) [11–13]. The record contains no indication that the names of witnesses was requested by the defense. Nor does the discovery rule require the state to reveal the names of witnesses which it does not intend to call. Rule 25.32, *State v. Swiggart,* 458 S.W.2d 251 (Mo.1970). There is nothing in the record to support a conclusion that the witness's testimony was exculpatory of defendant thereby mandating disclosure. Rule 25.32, *Brady v. Maryland, supra.* To the contrary her testimony on voir dire was extremely damaging to the defendant. We find no error in the trial court's action in failing to grant a mistrial, the only relief which was requested.

■ Defendant also contends that the court erred in failing to instruct on some lesser included offense. This is premised upon the theory that evidence of force was in dispute. Robbery in the first degree does not require proof that force was used to effect the taking. It may also be proved by showing that the victim was placed in fear of immediate injury. *State v. Hawkins,* 418 S.W.2d 921 (Mo. banc 1967) [1–4]. The only evidence in this case is that the victims surrendered their purses in response to the threat of injury and the possibility that the man in the black jacket had a weapon in the pocket in which he kept his hand. There was no evidence to support an instruction on some lesser crime such as stealing from the person.

■ Defendant's third point is that the trial court erred in failing to suppress the in-court identification because a pre-trial show-up and subsequent photographic display were unnecessarily suggestive. The matter has not been properly preserved. Defendant's motion to suppress was denied

and no objection was made during trial to the identification. In the motion for new trial only the photo display was referred to. Timely objection at trial and preservation of that objection in the motion for new trial are necessary to preserve the matter for appeal. *State v. Simmons,* 559 S.W.2d 557 (Mo.App.1977) [12].

■ We also find no error in permitting the identification testimony. The "show-up" at the scene of the crime was permissible. *Simms v. State,* 568 S.W.2d 801 (Mo. App.1978) [1–3]; *State v. Simmons, supra,* [13–15]. It occurred within 30 minutes of the crime and there is no indication that the police said or did anything to encourage the identification by the victims. Perhaps more telling is the fact that the victims identified the first and third man brought to them but affirmatively stated that the second man apprehended had not been involved. This is not indicative that the victims identified the robbers simply because they were in police custody.

■ The photographic display occurred immediately prior to trial. The victims were shown the photographs of the defendant and the man charged as his accomplice in the crime. The victims were asked which man was wearing which color jacket. Use of a single photograph as a method of establishing identification increases the danger of misidentification but is not a ground to preclude an in-trial identification unless in the factual surroundings of the particular case there is a substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *State v. Parker,* 458 S.W.2d 241 (Mo.1970) [1–4]. We find no such likelihood here. The victims saw the robbers for several minutes in reasonably good light at close range. The robbers were not masked and both were identified by both clothing and appearance within thirty minutes after the crime by all three victims. The photographs were not displayed as a method of reestablishing identification but as a means of determining the roles of the participants in the robbery. There additionally was evidence

from other witnesses that the man identified by the victims at the crime scene as the man in the red jacket was the defendant identified by them in court. The in-court identification was positive by each victim. We find no error.

 Defendant's final point concerning closing argument is not preserved because the record does not include the closing argument. There is nothing for us to review.

Judgment affirmed.

SATZ, J., and ALDEN A. STOCKARD, Special Judge, concur.