STATE of Missouri, Respondent,

v.

Carl LOMACK and Darryl Lockett, Appellants.

Nos. 39516, 39550.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 21, 1979.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Richard Thurman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., David T. Weir, St. Louis, for respondent.

Fredman, Watkins & Fredman, Bruntrager & Bruntrager, Raymond A. Bruntrager, Jr., St. Louis, for appellant.

SMITH, Judge.

Defendants, jointly charged with robbery and jointly tried, appeal their convictions and sentences of five years by the jury.

On November 2, 1976, in the early morning Raymond Bridges and defendants and their friend Kim Julian were customers in a White Castle restaurant at Natural Bridge and Kingshighway in the City of St. Louis. Upon leaving the restaurant Bridges was

assaulted by defendant Lomack near the White Castle building. The attack was with Lomack's hands. After falling to the ground, Bridges was kicked by Lockett and Julian. Bridges stated that Lomack and Lockett took from him his watch and ring. The assault was witnessed by a police officer across the street, but the officer did not observe anything taken from Bridges. The defendants and Julian then entered Lomack's car and left the White Castle parking lot. They were pulled over by the police officer about a block and one-half from the White Castle, and then the police officer and the three suspects returned to the White Castle in their cars. Bridges immediately identified them and stated that they had stolen his watch and ring. All three suspects were thoroughly searched, their car was searched and the streets where they had driven were searched. No watch or ring was found. Bridges had three prior felony convictions for burglary or stealing.

Defendants and Julian testified for the defense. All admitted that an assault and beating had taken place but denied any kicking. All attributed the beating to Lomack and said it occurred because Bridges, whose car had been stolen while he was in the White Castle, was trying to get into Lomack's car with them. Defendants testified that Bridges had suggested that he and defendants have a homosexual liaison. All three defense witnesses denied that anything was taken from Bridges.

On appeal defendants raise six claims of error, only three of which it is necessary to discuss.

∎ The first is a claim that the trial court committed "plain error" by failing to instruct on the offense of assault in some form. Defendants contend that assault is a lesser included offense of robbery and that the evidence required an instruction thereon. The matter was not raised at trial nor in the motion for new trial—hence the plain error claim. Rule 27.20. In *State v. Amsden*, 299 S.W.2d 498 (Mo.1957) the following definition of what constitutes a lesser included offense is given:

"The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." l.c. 504.

Defendants were charged with taking the property by putting Bridges "in fear of an immediate injury to his person, and then and there feloniously and by force and *violence to the person* of Raymond Bridges . . . ." (Emphasis supplied) The verdict-directing instruction hypothesized only "violence to his person" as the means of taking.

Defendants contend that they were entitled to an instruction on assault with intent to kill with malice aforethought (Sec. 559.-180 R.S.Mo.1969) or assault without malice aforethought (Sec. 559.190 R.S.Mo.1969) or common assault (Sec. 559.220 R.S.Mo.1969) or some combination thereof.

Sec. 559.180 is a specific intent crime requiring that the assault be made with an intent to kill, maim, ravish, rob, burglarize, commit some other felony, or in resisting execution of legal process. Sec. 559.190 is also a specific intent crime requiring an intent to kill, do great bodily harm, rob, rape, burglarize or commit another felony. Turning to the *Amsden* definition set out above, it is clear that defendants were not specifically or by implication charged with any intent required by these two statutes except an intent to rob or steal from the person. The intent necessary to support an assault conviction under these two statutes (except an intent to rob or steal) introduces an element not charged in the information against the defendants. They are not,

therefore, lesser included offenses under the *Amsden* definition.

The elements of intent to rob or steal from the person are included within the charge of robbery.[1] But there is no evidentiary support that any such unconsummated intent existed. Both defendants and Julian denied any attempt or intent to rob or steal. The only evidence was that either the robbery was consummated or that it was not even attempted or contemplated. There was no error in failing to instruct on the two higher grades of assault.

■ Common assault is not a specific intent offense. It requires only that defendant "assault or beat or wound another." Violence to the person—one of the alternative methods by which robbery can be effectuated, and the method by which these defendants were charged—would establish an assault or a beating or a wounding. *See State v. Higgins*, 252 S.W.2d 641 (Mo.App.1952) l.c. 646 for the description of common assault. All of the elements of common assault are therefore included in the elements of the robbery charged and it is a lesser included offense of that charge which must be instructed upon if supported by evidence. MAI–CR 2.05; Missouri Bar Committee Comments on MAI–CR, Richardson, Lesser Graded or Included Offenses, VII, B. p. 13.

■ There is such evidence here. Defendants denied that they robbed the victim or that they attempted or intended to do so. They did admit that they beat him. If defendants' evidence was believed, the jury could have found defendants guilty of common assault but not guilty of robbery. The instruction should have been given. *See State v. Washington*, 357 S.W.2d 92 (Mo. 1962) [6–8]. *State v. Dowe*, 432 S.W.2d 272 (Mo.1968), relied on by the State, presents a confusing factual situation which led the court to conclude that defendant could only have been guilty of robbery or nothing. That is not the situation here.

■ The Supreme Court has held that failure to instruct on a lesser included offense or a defense is not *per se* plain error. Each case must be examined on a case by case basis on its own facts. *State v. Patterson*, 443 S.W.2d 104 (Mo. banc 1969) [2]. We find here that the failure to so instruct resulted in manifest injustice. The evidence of the robbery was far from overwhelming. No loot was found despite an almost immediate search of defendants, their car and the route they traversed. This does not mean the loot was not disposed of, but it casts doubt on whether any property was taken. The evidence of stealing came solely from the victim whose credibility had been attacked upon the basis of prior felony convictions. There were some minor discrepancies in the victim's testimony and the report he gave the police officer. The defendants admitted they assaulted the victim and were guilty of that at least. The jury deliberated sufficiently long that the trial court felt justified in giving it the "hammer instruction", MAI–CR 1.10. The punishment assessed was the minimum. In view of these facts, we hold it was plain error not to instruct the jury on common assault. *See State v. Randolph*, 496 S.W.2d 257 (Mo. banc 1973).

■ Defendants also contend that the court erred in failing to instruct on self-defense. There is no evidence to support such an instruction.

■ Defendants also complain that the trial court erred in deleting the third sentence of the first paragraph of MAI–CR 2.72. That sentence reads: "Each of the *offenses charged and the evidence and law applicable to it should be considered separately.*" The trial court at the instruction conference expressed its belief that the sentence was confusing as only one offense was charged in this single count joint information. We appreciate the logic of the trial court's thinking and have our own serious reservations that the language used conveys to a layman the meaning intended in this type of case. It might be advisable

---

1. We need not determine the effect or applicability of Sec. 556.160 R.S.Mo.1969 in view of our conclusion that no attempt to rob or steal is shown by the evidence.

for the Committee on Instructions or the Supreme Court to consider whether the sentence should be modified, or bracketed for use in multiple count cases only. Until, however, the instruction as approved by the Supreme Court is changed, it is mandatory that it be given as prescribed and the court erred in failing to do so. We need not determine whether the deletion was prejudicial in view of our holding reversing for new trial.

Defendants' remaining points are unlikely to arise on new trial and we need not consider them.

Judgments reversed and cause remanded.

WEIER, C. J., and SNYDER, P. J., concur.