**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Earl Lee HARRIS, Defendant-Appellant.**

**No. 11196.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 23, 1980.

John D. Ashcroft, Atty. Gen., Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Joe Perry Rice III, David B. Summers, Rice & Summers, Chaffee, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with the first degree robbery of a gasoline station attendant in Sikeston, Missouri. A jury found him guilty and he was sentenced to 15 years imprisonment.

The filling station attendant testified that he was shown a handgun, struck in the face and robbed of cash belonging to the owner of the service station. Defendant admitted he was in a struggle with the filling station attendant and struck him with his fist. Defendant claims that he purchased drugs from the attendant, used them immediately in the station and that they were ineffective. He says he was trying to get back the ten dollars that he had just given the attendant for the drugs and that he used no gun, did not rob the attendant, and only took his money back. Defendant left the station in an automobile and when arrested in the automobile shortly thereafter, neither a gun nor the station's money was found on him or in the vehicle.

■ Defendant presents five points for review. He first challenges the trial court's jurisdiction because the amended information did not contain the section number of the statute which he allegedly violated. This point was not presented to the trial court. Rule 24.01(a), V.A.M.R., in force at the time of the charge, provided that an information contain "the section of the Revised Statutes of Missouri which proscribes the conduct charged, . . . ." A similar provision is now contained in Rule 23.01(b)4. The information appears to sufficiently allege the charge and defendant understood the charge. There was no showing of prejudice due to not having the statutory section numbers. Failing to list the statute prescribing the conduct charged has been held not error where the information notified the defendant of the charged offense and constituted a bar to further prosecution. *State v. Umfleet,* 587 S.W.2d 612, 616–617 (Mo.App.1979); *State v. Tierney,* 584 S.W.2d 618, 620–622 (Mo.App. 1979). Such an information does not invalidate the conviction for want of a sufficient statement of the charge nor effect jurisdiction and whatever error may have resulted was waived by failure to object and preserve the question for review. *State v. Tierney,* supra, 584 S.W.2d at 622. This point is denied.

■ The next point we consider is defendant's contention that the trial court erroneously refused to give his requested instruction on common assault as it is a lesser included offense of robbery in the first degree. The trial court must instruct on all lesser included offenses supported by the evidence. *State v. Smith,* 592 S.W.2d 165 (Mo. banc 1979); *State v. Stone,* 571 S.W.2d 486, 487 (Mo.App.1978). We must thus determine: (1) whether common assault is a lesser included crime of first degree robbery, and (2) if so, would its submission have been supported by the evidence.

■ The state's brief does not challenge that common assault would be a lesser offense but contends that the evidence does not support instructing on it. However, the state does not concede that common assault is a lesser included offense of robbery in the first degree and we shall consider that question first. If the greater of two offenses includes all the legal and factual elements of the lesser, then the lesser is an included offense. *State v. Smith,* supra, 592 S.W.2d at 166; *State v. Stone,* supra, 571 S.W.2d at 487. We must then determine if the offense as charged here, robbery in the first degree, § 560.120, RSMo 1969, includes all the elements contained in § 559.220, RSMo 1969, defining common assault. Common assault was held to be a lesser included offense of a robbery charged in *State v. Lomack,* 586 S.W.2d 90, 93 (Mo. App.1979). We believe that common assault would also be a lesser included offense here. Section 560.120 covers the taking of property of another against his will, from his person or presence, "by violence to his

person, or by putting him in fear of some immediate injury . . . ." The instruction to the jury here charged that defendant took the money of another from the attendant "by violence to his person and by causing him to fear immediate injury . . . ." The instruction followed MAI-CR 7.60 (1974). Section 559.220 makes it a crime to "assault or beat" another. The violence to the person of the attendant referred to in the instruction could be and apparently was, the striking of him by defendant. This could also be the same as to "beat . . . another" required under § 559.220, and to do "violence to his person" as referred to in § 560.120. The "fear of some immediate injury" in § 560.120 could be the same as an "assault" under § 559.-220. "Assault" means "an intentional unlawful offer of bodily injury to another under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *State v. Parker*, 378 S.W.2d 274, 282 (Mo.App.1964).

The instructions then in use for first degree robbery, MAI-CR 7.60, and common assault, MAI-CR 6.26, also indicate that common assault can be a lesser included offense. The common assault instruction requires a finding that the defendant either assaulted, beat or wounded the victim and did so intentionally. The robbery instruction requires that defendant took property from the victim by fear of immediate injury or by violence to his person. Both the fear or actual beating necessary for common assault can be included in a robbery instruction by its reference to fear of injury or violence to the person. Obviously, a robbery would be intentional and the two elements of common assault can thus be present in robbery in the first degree.

■ We next consider if the evidence supported an instruction on common assault. Where the evidence shows that the defendant was either guilty of the offense charged or guilty of no offense at all, there is no evidence to support the submission of a lesser included offense. *State v. Martin*,

484 S.W.2d 179, 181 (Mo.1972); *State v. Craig*, 433 S.W.2d 811, 815 (Mo.1968). Where proof of defendant's guilt of the offense charged is strong and substantial, and the evidence clearly showed the commission of the more serious crime, it is not necessary to instruct on a lesser included offense. *State v. Craig, supra*, 433 S.W.2d at 815–816. We do not think the evidence in this case was that strong. The jury had to determine whether defendant or the service station attendant was telling the truth. The jury is not obligated to accept the version of the facts presented by the state but may give credence to the testimony of the defendant and in considering what instructions must be submitted, the defendant is entitled to the benefit of that evidence and the inferences which may logically flow therefrom. *State v. Smith*, 518 S.W.2d 665, 669 (Mo.App.1975). In a non-homicide case whether an instruction should be given on a lesser included offense depends upon whether there are facts in evidence sufficient to arguably show a lack of an essential element of the higher degree of the offense. *State v. Pride*, 567 S.W.2d 426, 431 (Mo.App.1978).

■ In *State v. Lomack, supra*, 586 S.W.2d at 93, defendants admitted they beat the victim but denied that they robbed him or that they attempted or intended to do so. As the jury could have believed them and found them not guilty of robbery, but guilty of common assault, it was held error not to instruct on common assault. Defendant's evidence here was that he did not take or intend to take anything that was not his. There was evidence sufficient to make a reasonable argument for the jury's consideration as to whether he did take the property of another. If the jury believed defendant they may have found that he was entitled to receive back his ten dollars. They may have believed that defendant's efforts at "self-help" were excessive but not such as to constitute first degree robbery. When a defendant admits his presence but shows a reason for the assault other than robbery as the motive, an assault instruction should be given. *Wat-*

kins v. Commonwealth, 287 S.W.2d 416, 418, 58 A.L.R.2d 804, 807 (Ky.1956). Also see Annotation "Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery". 58 A.L.R.2d 808. There was evidence from which the jury might have found defendant not guilty of first degree robbery but guilty of common assault. Refusal to instruct on common assault was error.

There was no claim that the evidence was insufficient to support the charge. The other matters raised in defendant's brief are unlikely to occur at a retrial so we do not consider them. Defendant's motion to remand is denied.

The judgment is reversed and the cause is remanded to the trial court for further proceedings.

All concur.