STATE of Missouri,
Plaintiff-Respondent,

v.

Larry BIGHAM, a/k/a Laudell Gatlin,
Defendant-Appellant.

No. 43724.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1982.

Kevin R. Kelly, Kelly & Kelly, Florissant, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction of first degree robbery. § 569.020, RSMo 1978. Appellant was found guilty by a jury and sentenced to a 15-year prison term. Appellant claims the trial court erred in refusing to give appellant's proposed instruction on assault. The judgment is reversed and the cause remanded for a new trial.

On June 10, 1980 at 6 a.m. Ed Davidson, manager of a laundromat in St. Louis arrived at the laundromat to open it for business. When Davidson approached the door two men, appellant and his associate, attacked Davidson, a seventy year old man, and forced him into the laundromat. Davidson said that one of the men had a nylon stocking pulled over his face and the other had a ski mask over his face. Appellant claimed that neither he nor his associate had his face covered, but that they wore these items on top of their heads.

The two men threw Davidson down and dragged him from the front door to the back of the laundromat. Davidson testified that one of the men took his wallet containing three $1 bills. The other held a .22-caliber semi-automatic rifle on Davidson. According to Davidson the man with the rifle pushed him to the floor and demanded that Davidson give him the keys. The gunman then fired a shot right over Davidson's head in an attempt to frighten Davidson into producing the keys.

Immediately after the gunman fired the shot two policemen entered the laundromat. The officers found appellant's associate crawling on the floor behind the washing machines and the appellant with a rifle in his hands standing over Davidson in a room at the back of the laundromat.

The officers testified that appellant had a nylon stocking over his face. The officers also testified that appellant's associate, when spotted by police, pulled off his ski mask and dropped it on the floor and pulled three $1 bills out of his pocket and dropped them on the floor. The police also found an empty .22-caliber shell casing on the floor and what appeared to be a bullet hole in the wall of the laundromat.

Appellant admitted attacking Davidson, but denied any knowledge of the theft of Davidson's wallet and denied firing the rifle. Appellant testified he asked Davidson about Annette, appellant's girlfriend and implied Davidson was seeing Annette. Annette did not testify at trial. The jury could have inferred from appellant's testimony that he went to the laundromat to tell Davidson to leave his girlfriend alone. Appellant stated that he watched Davidson during the entire incident and did not see his associate take anything from Davidson.

At trial the court refused appellant's submitted instructions on second and third degree assault. The jury found appellant guilty of robbery in the first degree and sentenced him to 15 years.

Appellant asserts that the trial court erred in refusing to instruct on second and third degree assault, lesser included offenses of first degree robbery. The point is ruled in favor of appellant.

▮ Assault is a lesser included offense of robbery in the first degree. *State v. Harris*, 598 S.W.2d 200, 202 (Mo.App.1980); *State v. Lomack*, 586 S.W.2d 90, 93[2, 3] (Mo.App.1979). The trial court must instruct on all lesser included offenses supported by the evidence. *State v. Smith*, 592 S.W.2d 165, 165[1–3] (Mo.banc 1979); *State v. Harris, supra* at 202[3]; *State v. Stone*, 571 S.W.2d 486, 487[1–4] (Mo.App.1978).

▮ In a non-homicide case the evidence must arguably show a lack of an essential element of the greater offense before the trial court must instruct on the lesser included offense. *State v. Harris, supra; State v. Pride*, 567 S.W.2d 426, 431[5, 6] (Mo.App.1978).

▮ Appellant presented evidence which, if believed by the jury, would have supported a finding that appellant committed assault and not robbery. This conflicting

testimony arguably showed a lack of the element of stealing necessary to the robbery charge. The trial court, therefore, erred when it failed to instruct on assault. *State v. Smith, supra; State v. Harris, supra* at 203; *State v. Lomack, supra.* "When a defendant admits his presence but shows a reason for the assault other than robbery as the motive, an assault instruction should be given." *State v. Harris, supra* at 203[10, 11].

The state attempts to distinguish *Lomack* and *Harris* by pointing out that the evidence of the robbery was far stronger in this case and that appellant's testimony was much less credible than the appellants' testimony in those cases. However, the credibility of the witnesses and the weight of the evidence is for the jury to decide. *State v. Wright*, 476 S.W.2d 581, 584[4] (Mo.1972); *State v. Harris*, 602 S.W.2d 840, 842[1–3] (Mo.App.1980); *State v. Russell*, 581 S.W.2d 61, 66[6] (Mo.App.1979).

Because appellant presented evidence that would support a finding that he committed assault only, the assault instruction should have been given. The jury must be given the opportunity to believe or disbelieve the defendant's testimony. Without the assault instruction, the jury could have believed appellant's story and yet still found him guilty of robbery because they believed appellant committed a crime. The only crime the trial court's instructions permitted them to find him guilty of was robbery.

The state also relies on *State v. Dixon*, 473 S.W.2d 405 (Mo.1971), and *State v. Greenlaw*, 593 S.W.2d 641 (Mo.App.1980). In both these cases the defendants appealed their first degree robbery convictions, claiming that the court should have instructed on stealing. In these cases, however, no evidence was presented which would have supported a finding of guilt on a lesser included offense. The state's evidence supported findings that the defendants were guilty of robbery. The defendants did not present evidence that would support a finding that they committed stealing. In addition the defendant in *Dix-*

*on* did not request an instruction on stealing. The review there was, therefore, limited to whether the law of the case required the instruction. *State v. Dixon, supra* at 406.

The judgment is reversed and the cause is remanded for a new trial.

REINHARD, P. J., and CRIST, J., concur.