STATE of Missouri, Respondent,

v.

Steve TAYLOR, Appellant.

No. 43767.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Joseph W. Downey, Public Defender, Erica Leisenring, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George

Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The state charged defendant with first-degree robbery and also with first-degree assault. A jury found defendant guilty of assault and fixed his punishment at 15 years in prison; judgment and appeal followed. The issue here concerns the verdict-directing instructions.

The state's evidence: The victim was a taxi driver and defendant one of his two passengers. At their request the driver stopped at a cafe to get change for the passengers' twenty dollar bill. When he came out the passengers threatened him, defendant with a pistol and the other with a shotgun. The driver tried to take the shotgun; defendant then shot him five times and took $50 from his pocket. Police promptly arrested defendant.

On this evidence the trial court instructed on first-degree robbery.

The instructional issue here requires a statement of defendant's testimony: The cab fare was only five dollars but when the driver came out of the restaurant he gave defendant only three dollars in change; they argued. The cab driver then pulled a shotgun from under his coat and defendant's companion tried to take it from him. As they struggled defendant pulled a pistol and to protect his friend defendant shot the cab driver five times.

On defendant's testimony there was no showing he robbed the driver; accordingly the trial court also instructed the jury on first-degree assault. The verdict found defendant guilty on this count.

We limit our opinion to the instructional point defendant raised in his motion for a new trial: That the assault instruction placed defendant in double jeopardy.

This is patently wrong. The assault instruction accorded with and was required by defendant's testimony he had shot but not robbed the victim. We affirm the trial court's denial of defendant's after-trial motion.

Of interest here is the factually similar robbery case of *State v. Bigham,* 628 S.W.2d 681 (Mo. App. 1982). There the trial court erred by not instructing on assault. We ruled: The trial court must instruct on the lesser offense of assault when supported by defendant's evidence. Here, the trial court did just that.

On our own motion we consider defendant's briefed point presented as plain error: That the court erred in instructing the jury, in effect, that assault was a lesser included offense of robbery.

The point is academic. Instructional error is plain error only when it causes manifest injustice. *State v. Young,* 610 S.W.2d 8[2–6] (Mo. App. 1980). Here, the jury found defendant guilty of assault; that bore a lesser penalty than robbery. No plain error here.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.