STATE of Missouri, Respondent,

v.

Oliver JOHNSON, Appellant.

Oliver JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60049, 61961.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 30, 1993.

John Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Appellant was charged in an information, which was substituted for an indictment, with first degree robbery, § 569.020 R.S.Mo. (1986) (all further references are to R.S.Mo. (1986) unless otherwise noted) and armed criminal action, § 571.015. He was also charged as a prior offender under § 558.016. The trial court found him to be a prior offender and the jury returned verdicts of guilty on both counts. He was sentenced to fifteen years on the robbery count and a consecutive term of three years on the armed criminal action count.

Appellant filed a motion for relief under Rule 29.15 which was denied without an evidentiary hearing. We consolidated appellant's appeals of his convictions and the denial of his motion.

Appellant contends that the trial court erred in: 1) refusing to instruct on lesser included offenses, 2) denying his claim that his trial counsel was ineffective in failing to object to evidence and argument that the victim was pregnant at the time of the robbery, 3) overruling his motions challenging the grand jury and petit jury panel, and 4) giving the "reasonable doubt" instruction. We affirm.

Since appellant does not challenge the sufficiency of the evidence we briefly recount the evidence most favorable to the verdicts. On April 3, 1990, appellant arrived at his girlfriend's home at about 1:00 p.m. The girlfriend was not at home and appellant spoke with her sister, the victim, who at that time was a twenty-one year old pregnant mother of three. The victim asked appellant for a ride to cash her A.D.C. check and he agreed. After cashing her check, the victim asked appellant to take her to buy diapers for her baby. She put $200.00 in her purse and about $120.00 in her brassiere. On the return trip appellant produced a locked blade knife and demanded her money. At first she did not take him seriously, but after he threatened to cut her throat she gave him her purse. However, a struggle ensued in the front seat of appellant's automobile during which the victim received a number of wounds. Witnesses reported the automobile was being driven erratically and the victim was calling for help. Several young men, one armed with a baseball bat, came to the victim's aid. Police officers also responded. The police officers and the young men testified that they saw appellant and the victim struggling. A knife and four $50.00 bills were recovered from appellant's automobile. The knife, photographs of the victim's injuries and the appellant's automobile were admitted and shown to the jury.

At trial appellant claimed that he was being robbed by the victim assisted by the young men with the bat. He testified that

he and the victim drove around together for several hours and stopped on three or four occasions so she could purchase crack and cocaine, that she used most of the drugs, and although he actually sold her the drugs he concealed this from her. He further testified that the victim produced the knife from her purse when she demanded his money, and that her wounds were inflicted as a result of his resistance.

■■■ In his first point appellant contends that the trial court erred in refusing to submit his requested instructions on the lesser included offenses of robbery in the second degree and assault in the third degree. A trial court must instruct on all lesser included offenses supported by the evidence. *State v. Bigham*, 628 S.W.2d 681, 682[1, 2] (Mo.App.1982). However, the trial court is not obligated to instruct on a lesser included offense unless there is a basis for: 1) acquitting the defendant of the offense charged, and 2) convicting him of the lesser included offense. *State v. Adams*, 808 S.W.2d 925, 934[11] (Mo.App. 1991). Further, instructing on a lesser included offense is not mandated where appellant denies the commission of the charged act and there is no evidence to mitigate the offense or provide a different version, *State v. Johnson*, 774 S.W.2d 557, 558 (Mo.App.1989), or where the instruction is inconsistent with his defense at trial, *State v. Fischer*, 774 S.W.2d 495, 498[6] (Mo.App.1989). Where the evidence shows that appellant was either guilty of the offense charged or guilty of no offense at all, there is no evidence to support the submission of the lesser included offense. *State v. Harris*, 598 S.W.2d 200, 202[6–9] (Mo. App.1980).

■■■ Robbery in the second degree is a lesser included offense of robbery in the first degree, the distinguishing element being causing serious injury, or being armed with a deadly weapon, or using or threatening the immediate use of a dangerous instrument, or displaying or threatening the use of what appears to be a deadly weapon or dangerous instrument. Sections 569.-020.1 and 569.030.1. Here, appellant was charged with the greater offense of rob-bery in the first degree because he was armed with the knife, and the jury was so instructed. The state's evidence showed that appellant robbed the victim using the knife. Appellant's evidence consisted entirely of a claim that the victim was attempting to rob him. He denied committing the charged act. The record offers no evidence to support an instruction on robbery in the second degree. Further, such an instruction would be inconsistent with his defense at trial.

■■■ Appellant also contends that the trial court should have submitted an instruction on assault in the third degree. Assault is a lesser included offense of robbery in the first degree. *Bigham*, 628 S.W.2d at 682[1, 2]. Again, the state's evidence showed appellant robbed the victim using the knife and appellant's evidence consisted entirely of a claim that the victim was attempting to rob him. Further the instruction is inconsistent with his defense and there is no evidence to support a conviction of assault in the third degree. The trial court did not err in refusing the instructions. Point denied.

In his second point appellant contends that the motion court erred in denying his Rule 29.15 motion. In his amended motion and on appeal, appellant complains that his trial counsel was ineffective in failing to object to: 1) the victim's testimony that she was four months pregnant at the time of the robbery, and 2) the prosecutor's mention of this fact during his closing argument.

■■■ Our review of the denial of appellant's Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *State v. White*, 798 S.W.2d 694, 697[6] (Mo. banc 1990).

■■■ Appellant argues that the prejudicial effect of a failure to object is not in whether his objection would have been sus-

tained, but in whether the objection was valid and, if made at trial, would have preserved a meritorious defense for appellate review. Counsel is not ineffective for declining to make a non-meritorious objection. *State v. Six*, 805 S.W.2d 159, 168[13–15] (Mo. banc 1991), cert. denied, —— U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991).

■ Our review of the record reveals that the victim's condition was relevant since appellant claims she was threatening him with a knife in an attempt to rob him. Her condition would be relevant as to her physical ability to do what the appellant claimed and that she would avoid endangering her unborn child. Further, the victim's condition was not excessively emphasized. An objection to this testimony and argument at trial would not have been meritorious.

■ Further, in the argument portion of his brief, appellant claims that his trial counsel should have objected to the prosecutor personalizing during closing argument when he stated that the victim's testimony was "perfectly credible." Appellant offers no authority in support of this claim. This contention is without merit because a prosecutor can comment on the credibility of witnesses, where such opinion is fairly drawn from the evidence. See *State v. Mease*, 842 S.W.2d 98, 110[23] (Mo. banc 1992). Point denied.

■ In his third point appellant contends that the trial court erred in overruling his motion to quash the indictment or stay the proceedings because the selection procedures for grand juries and petit jury panels failed to reflect a fair cross section of the citizens of the City of St. Louis thereby violating his rights to due process and a fair trial.

Appellant was tried on an information issued June 26, 1990 which was substituted for the grand jury indictment of April 17, 1990. He does not challenge the information, therefore, any error in the earlier grand jury indictment is moot. *State v. McDowell*, 832 S.W.2d 333, 335[3] (Mo.App. 1992).

Appellant also claims that problems with the petit jury panel selection system caused under-representation of certain groups in the jury pool. This issue was addressed in *State v. Bromwell*, Cir.Ct. No. 881–1619 and *State v. Johnston*, Cir.Ct. No. 891–1864. In those cases the Honorable Ronald M. Belt held extensive hearings on alleged problems with the jury selection procedures and found no under-representation of racial, gender, or age groups. On October 16, 1990 Judge Belt issued an order finding some instances of improper procedures in granting juror continuances. That same day, October 16, 1990, the Honorable James J. Gallagher, presiding judge of the Circuit Court of the City of St. Louis and the presiding officer of the Board of Jury Commissioners, issued an Administrative Order establishing new procedures for juror continuances. Judge Belt found that these procedures corrected the problems and approved them in a further order, also issued on October 16, 1990. Appellant's trial began on February 25, 1991, over four months later, and he failed to present any evidence to support his claim that the new procedures were either not in effect or were inadequate. *McDowell*, 832 S.W.2d at 335[4]. Point denied.

■ In his fourth point appellant contends that the trial court erred in giving the instruction defining "reasonable doubt." MAI–CR3rd 302.04. Appellant claims that the "firmly convinced" definition of "reasonable doubt" in MAI–CR3rd 302.04 fails to impress upon the jury the requisite burden in a criminal case as required by *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Our Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt' [and that] 'firmly convinced' is essentially synonymous with beyond a reasonable doubt.'" *State v. Antwine*, 743 S.W.2d 51, 62–63[12] (Mo. banc. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This holding has not

changed. *State v. Whitfield,* 837 S.W.2d 503, 511 (Mo. banc. 1992). Point denied.

Judgment affirmed.

CRANE and CRAHAN, JJ., concur.