**STATE of Missouri, Plaintiff–Respondent**

v.

**Christopher Milo WHITELEY, Defendant–Appellant.**

No. 26603.

Missouri Court of Appeals, Southern District, Division One.

Feb. 28, 2006.

Rosalynn Koch, Columbia,MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

On August 22, 2005, this court issued an opinion in this cause. On November 1, 2005, by order of the Supreme Court of Missouri, this cause was transferred to that court. On January 31, 2006, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

Christopher Milo Whiteley (defendant) was convicted, following a jury trial, of attempted robbery in the second degree, §§ 569.030 and 564.011, and felony murder in the second degree, § 565.021.1.[1] He appeals asserting, among other things, that the trial court erred in not instructing the jury on assault in the third degree, § 565.070.1, as a lesser-included offense of attempted robbery in the first degree. This court agrees. The judgment of conviction is reversed. The case is remanded for a new trial.

Chris and Angie Hamilton were planning to move from Illinois to property owned by Chris Hamilton's mother in Dallas County, Missouri. In the fall of 2002, Chris Hamilton hired David Franklin and defendant to mow grass and clear brush and weeds at the property where the Hamiltons planned to move. Chris Hamilton told Franklin and defendant that he would be returning to Dallas County in a couple of weeks to pay them. However, the Hamiltons did not return to Dallas County until July 2003.

Chris Hamilton testified at defendant's trial that although the amount to be paid had not been determined prior to the work being performed, he believed he owed Franklin and defendant $260 for the work they had done. He said he paid Franklin $160. He did not pay defendant at the time he paid Franklin. He told defendant

he did not have the money but would pay him as soon as he could. He said at some point he paid defendant $20 but did not remember when.

On the evening of September 3, Chris Hamilton left his trailer on his way to Fort Bennett, a store. He was traveling along Trout Drive, a road that leads to Bennett Springs. He met a vehicle. Someone in the vehicle yelled out the window at him. He recognized defendant as the one who shouted at him. Mr. Hamilton stopped. He told the jury, "There was some conversation, words exchanged, at that he asked me if I had the money that I owed him and I said 'yes I do' and I paid him the money that I owed him." He paid defendant $80, which he explained was the balance of $100 defendant was owed. Defendant demanded an additional $50. Defendant was on the passenger side of the truck in which he was traveling. As defendant left, "he kind of got up through the open window and he threw a beer bottle over the top of the truck" at Hamilton's vehicle.

After Hamilton returned to his residence, defendant and Eldon Lee Sanders arrived in a white pickup truck. Both got out of the truck. Hamilton told the jury, "[Defendant] walked up to me and began punching me in the face." He was asked what he did next. He answered, "I stood there. I just stood there. And then after he hit me several times in the face he went to the truck. He went around the back of the truck. He got a big piece of, a big club. It looked like a ball-bat or something like that. I could tell it was a club. I could see the color of the wood grain on it. And then he got that out of the back of the truck and then he started going around the front of the truck."

Hamilton ran into his trailer. He got a shotgun, loaded it, and looked outside. He

1. References to statutes are to RSMo 2000.

saw Sanders coming toward the trailer door. Hamilton told the jury, "He got to the entrance of the camper, I remember seeing his foot on the bottom step and I shot the gun." Hamilton said, "They'd already beat me up, they'd already threatened to hurt me and my family and there was no way I was going to allow them inside my camper." Mr. Hamilton said his wife "called 911 ... and she talked to somebody and told them there had been a shooting." She got her son and left to go to a neighbor's house. Chris Hamilton waited for the police to arrive. He was sitting next to a campfire when four law enforcement officers arrived. They observed the man who had been shot lying on the ground and determined that he was dead. Defendant had left the scene of the shooting. He was apprehended later at his home.

The charges for which defendant was found guilty were attempted robbery in the second degree (Count I) and felony murder in the second degree (Count II). The specification of the offense charged in Count II alleged that defendant committed the charged offense "in that on or about September 3, 2003, in the County of Dallas, State of Missouri, Eldon Lee Sanders was killed by being shot as a result of the attempted perpetration of the class C felony of attempted robbery ... committed by the defendant...." [2]

The trial court instructed the jury with respect to Count I on the principal offense, attempt to commit robbery in the second degree, by instruction patterned after MAI–CR3d 304.06. Defendant tendered an instruction on assault in the third degree as a lesser-included offense of attempted robbery. The trial court refused the instruction explaining at the instruction conference, "Now there have been three instructions tendered by the Defendant and refused by the Court. The first one is marked Exhibit A. Exhibit A is a tender lesser-included offence [sic] instruction for Assault in the 3rd degree, MAI CR 3rd 319.16." The Court refused that instruction stating "that assault in the third degree is not a lesser-included offence [sic] of attempted burglary [sic]."

Defendant's Point IV argues that the trial court erred in refusing to instruct the jury on assault in the third degree as a lesser-included offense of robbery in the second degree. Defendant argues "that there was a basis in the evidence for an acquittal of the higher offense and a conviction only on the lower since there was evidence that [defendant] acted under a claim of right, as comprehended in § 570.070.1(1), since there was evidence that Hamilton had not paid him for his work as promised." The state, however, contends that assault in the third degree is not a lesser-included offense of robbery in the second degree.

Section 569.030 defines robbery in the second degree and classifies that offense:

1. A person commits the crime of robbery in the second degree when he forcibly steals property.

2. Robbery in the second degree is a class B felony.

---

2. § 565.021.1 provides, as applicable to Count II:

A person commits the crime of murder in the second degree if he:

. . .

(2) Commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony or in

the flight from the perpetration or attempted perpetration of such felony, another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration of such felon or attempted perpetration of such felony.

Its elements are (1) taking property that is owned by another, (2) for the purpose of permanently withholding the property from its owner, and (3) using physical force on the person from whom the property is taken for the purpose of forcing the person to deliver the property. *See* MAI–CR3d 304.06.

Section 565.070 defines assault in the third degree and classifies that offense. It provides, as applicable to the facts in this case:

> 1. A person commits the crime of assault in the third degree if:
>
> . . .
>
> (5) The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative; . . . .
>
> . . .
>
> 3. A person who violates the provisions of subsections (3) or (5) of subsection 1 of this section is guilty of a class C misdemeanor.

. . .

▮ A lesser-included offense is an offense established by proof of the same or less than all the facts required to establish the commission of the charged offense. *State v. Derenzy,* 89 S.W.3d 472, 474 (Mo. banc 2002). An offense is a lesser-included offense if it is impossible to commit the charged offense without necessarily committing the lesser. *Id.* Or, as stated in *State v. Harris,* 598 S.W.2d 200, 202 (Mo. App.1980), "If the greater of two offenses includes all the legal and factual elements of the lesser, then the lesser is an included offense."

▮ Here, defendant was charged in Count I with attempted robbery in the second degree. The facts that supported that instruction include that defendant used physical force in that he struck Chris Hamilton in the face. The offense of third degree assault occurs, pursuant to § 565.070.1(5), when a person knowingly causes physical contact with another person in circumstances in which the other person regards the contact as offensive or provocative. The offense of attempted second degree robbery, based on the evidence in this case, includes all the legal and factual elements of the offense of assault in the third degree. Assault in the third degree is a lesser-included offense, under these facts, of the charged offense of attempted robbery in the second degree.

▮ Was the trial court required to instruct on assault in the third degree? The answer to the question turns on whether the facts in the case provided a basis for acquitting defendant of the offense charged, attempted robbery in the second degree, and for convicting defendant of the lesser-included offense, assault in the third degree.

> For there to be a basis for an acquittal of the greater offense, there must be a questionable essential element of the greater offense. If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down. *State v. Hineman,* 14 S.W.3d 924, 927 (Mo.banc 1999). Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide. *Id.*

*State v. Derenzy, supra,* at 474–75.

Jeannie Greene testified at trial that defendant stated, shortly before going to Chris Hamilton's property that Hamilton owed him money; that defendant was going to get his money. Eldon Lee Sanders was present. Defendant persuaded Sanders to take him to get the money defendant claimed he was owed.

Based on Ms. Greene's testimony, the jury could have believed that defendant was not attempting to take property of another; that he was attempting to receive payment of a debt he was owed. Based on this evidence, the jury could have concluded that although defendant's attempts at "self-help" were excessive, they did not constitute attempted robbery. *See State v. Harris,* 598 S.W.2d at 202. Point IV is granted. The trial court erred in not instructing on the misdemeanor offense of assault in the third degree as a lesser-included offense of Count I, attempted robbery in the second degree.

The conviction on Count II, felony murder in the second degree, was based on defendant having been convicted of the felony offense of attempted robbery in the second degree. Had the jury been instructed on assault in the third degree, a misdemeanor, and had the jury found defendant guilty of that offense, it would not have supported the conviction for felony murder in the second degree in that the applicable statute, § 565.021.1(2), requires the killing that would support a conviction of felony murder in the second degree to have occurred "in the perpetration or the attempted perpetration of [a] felony." The conviction for felony murder in the second degree and the conviction for attempted robbery in the second degree must be reversed.

Defendant's Point IV is determinative of his appeal. The other points raised are, therefore, moot. The judgment of conviction is reversed. The case is remanded for a new trial.

RAHMEYER, P.J., and LYNCH, J., concur.