STATE of Missouri, Plaintiff–
Respondent,

v.

Christy Weatherford COLE,
Defendant–Appellant.

No. 28175.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 5, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 27, 2008.

Application for Transfer Denied
April 15, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

JOHN E. PARRISH, Presiding Judge.

Christy Weatherford Cole (defendant) was convicted, following a jury trial, of endangering the welfare of a child in the first degree, § 568.045[1] (Count I), and murder in the second degree, § 565.021 (Count II). By this appeal defendant claims, among other things, that the trial court erred in not submitting an instruction to the jury for the lesser included offense in Count I of endangering the welfare of a child in the second degree. This court agrees. The judgment of conviction is reversed as to both Counts I and II. The case is remanded for a new trial.

In March 2003, Edward Michael Griffin (referred to as Mike Griffin at trial) was living with defendant and her three young sons. Defendant's three-year-old son, William, argued with his mother about having a drink of soda pop before eating his meal. Defendant did not want William to consume liquids before eating. She was concerned that he would not eat if he consumed liquid before his meal. Griffin was angry about William arguing with defendant. William was stomping his feet. This aggravated Griffin more. He told defendant to send William to him. Griffin undertook to discipline William by picking him up and laying him across his lap on his back. Griffin had his hands around William's neck. The back of William's head was pushed against a table next to the chair where Griffin was sitting. Griffin threw William across the room. William went limp.

Defendant put clothes on William and she and Griffin took William to the ambulance shed in Gainesville, Missouri.[2] William was then taken to the Gainesville Clinic where he was examined by medical personnel. Following examination, William was transported by helicopter to a Springfield, Missouri, hospital where he was diagnosed as severely neurologically depressed. A CT scan revealed retinal bleeding and subdural and subarachoid

---

1. References to statutes are to RSMo 2000.

2. Defendant initially reported that William's injuries were sustained as a result of a fall in the bathtub. She later recanted, saying that Griffin told her to say William was injured from a fall in the bathtub. They discussed the story on the way to get medical assistance. Defendant said she did not want Griffin to get in trouble.

bleeding consistent with blunt force trauma. On April 1, 2003, William's injuries were determined to be irreparable. Care was terminated that day. William was pronounced dead late that afternoon.

The conduct alleged in the information that charged defendant with endangering the welfare of a child in the first degree was that she "knowingly acted in a manner that created a substantial risk to the life, body and health of William Weatherford, a child less than seventeen years old, by placing him in direct contact with Edward Michael Griffin, a person whom defendant had previously seen physically abuse William Weatherford, and by so doing, defendant allowed William Weatherford to be assaulted by Edward Michael Griffin."

■ Although defendant requested the trial court to include an instruction to the jury on endangering the welfare of a child in the second degree as a lesser included offense of endangering the welfare of a child in the first degree, the offense charged in Count I, the trial court refused to do so. Defendant's Point III contends this was error. Point III argues "that the second degree offense is a lesser included of the first degree version, because the two offenses differ only in degree and in the applicable lesser culpable mental state—'knowingly' vs. 'criminal negligence'—and there was a basis on which the jury could acquit [defendant] of the greater offense and find her guilty of the lesser, because ... there was evidence that [defendant] was criminally negligent in creating a substantial risk to William's life, body, or health, but did not ... do so knowingly, because Griffin had previously hit the children but had never before inflicted any significant injury." Defendant contends the trial court committed plain error by not correcting a deficiency in the instruc-

tion defendant tendered on endangering the welfare of a child in the second degree as a lesser included offense and thereafter submitting the issue to the jury.

The provision of § 568.045 that is applicable to the Count I charge of endangering the welfare of a child in the first degree, § 568.045.1(1), states:

A person commits the crime of endangering the welfare of a child in the first degree if:

(1) The person *knowingly* acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old; .... [Emphasis added.]

Section 568.050 defines the offense of endangering the welfare of a child in the second degree. The part of that statute that defendant asserts applied to her case is § 568.050.1(1). It states, as that statute existed at the time of the offense charged in this case: [3]

A person commits the crime of endangering the welfare of a child in the second degree if:

(1) He *with criminal negligence* acts in a manner that creates a substantial risk to the life, body or health of a child less than seventeen years old; .... [Emphasis added.]

As defendant contends in Point III, the only difference between the elements for the offense of endangering the welfare of a child in the first degree per § 568.045.1(1) and the elements for the offense of endangering the welfare of a child in the second degree per § 568.050.1(1) is that for the former offense, the offender must have acted knowingly; whereas for the latter offense, the offender must have acted with

---

**3.** § 568.050.1(1) now begins, "He or she ...." That amendment was effective September 15,

2005. The offense charged in this case is alleged to have occurred March 23, 2003.

criminal negligence. Sections 562.016.3 and .5 define those terms.

A person acts knowingly "(1) [w]ith respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2)[w]ith respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." § 562.016.3. A person acts with criminal negligence "when he fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." § 562.016.5.

■■■ "A lesser-included offense is an offense established by proof of the same or less than all the facts required to establish the commission of the charged offense." *State v. Whiteley*, 184 S.W.3d 620, 623 (Mo.App.2006). "If the greater of two offenses includes all the legal and factual elements of the lesser, then the lesser is an included offense." *State v. Harris*, 598 S.W.2d 200, 202 (Mo.App.1980).

> For there to be a basis for an acquittal of the greater offense, there must be a questionable essential element of the greater offense. If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down. *State v. Hineman*, 14 S.W.3d 924, 927 (Mo.banc 1999). Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide. *Id.*

*State v. Derenzy*, 89 S.W.3d 472, 474–75 (Mo.banc 2002).

Arguably, the evidence in this case was such that a jury could have concluded that defendant did not knowingly act in a manner that created a substantial risk to William by placing him in direct contact with Griffin, i.e., the jury could have found that defendant was not aware that her conduct would be practically certain to create a substantial risk to the life, body, and health of William when she responded to Griffin's request that the boy come to him; that the jury could have assessed defendant's state of mind and concluded that defendant, in placing William in direct contact with Griffin, failed to be aware that there was a substantial and unjustifiable risk that her acts created a substantial risk to the life, body, and health of William. There was sufficient doubt with respect to whether to instruct down that the trial court should have resolved the issue in favor of including an instruction on the lesser offense thereby permitting the jury to decide the issue.

■ The state, however, contends defendant is not entitled to appellate review regarding the denial of her request to instruct the jury on endangering the welfare of a child in the second degree. Defendant's tendered instruction, Instruction No. A, included language in its paragraph second that differs from MAI–CR3d 322.11, the pattern instruction for endangering the welfare of a child in the second degree. Paragraph second stated, as an element of the offense, that as a result of defendant's actions in placing the child in direct contact with Edward Michael Griffin "it was *practically certain* the defendant created a substantial risk to the life or body or health of William Weatherford." (Emphasis added.) The "practically certain" language is not included in MAI–CR3d 322.11 in that "practically certain" addresses whether a person acted knowingly, the culpable mental state required for the offense of endangering the welfare of a child in the first degree rather than the second degree offense. *See*

§ 568.045.1(1); *State v. Burrell,* 160 S.W.3d 798, 802–03 (Mo.banc 2005). *Compare* § 568.050.1(1). Defendant's tendered instruction was also deficient in that it failed to contain the preliminary language for a lesser included offense instruction, "[i]f you do not find the defendant guilty of [*name of offense from immediately higher verdict director* ] as submitted in . . ., you must consider whether [she] is guilty of [the lesser included offense] . . ." as directed by MAI–CR3d 304.02 Notes on Use 3(b) (2005).

■  The state argues that because Instruction No. A was not correct as tendered, the trial court did not err in failing to instruct on endangering the welfare of a child in the second degree. However, as the Western District of this court explained in *State v. Beck,* 167 S.W.3d 767, 777 (Mo.App.2005), "if a lesser-included instruction is mandated, the trial court is obligated to give a correct one and that while the failure of the defendant to provide a correct instruction for that purpose, as required by Rule 28.02(b), waives appellate review, under Rule 28.03, it does not waive plain error review, under Rule 30.20."

■  The question becomes whether plain error review is warranted.

Under Rule 30.20, this Court first "determine[s] whether the claim for review facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted, or in other words, whether, on the face of the claim, plain error has, in fact, occurred." *State v. Dudley,* 51 S.W.3d 44, 53 (Mo. App.2001) (internal citations omitted). If facially substantial grounds are found

to exist, we then determine whether manifest injustice or a miscarriage of justice has actually occurred. *State v. Rogers,* 51 S.W.3d 879, 880 (Mo.App. 2001).

*State v. Boydston,* 198 S.W.3d 671, 675 (Mo.App.2006). Defendant's claim in Point III facially establishes substantial grounds for believing manifest injustice or miscarriage of justice occurred.

■  Although there was evidence that Mike Griffin had struck William on past occasions in an effort at discipline, there was other evidence that it was not defendant's practice to place William in direct contact with Griffin for discipline. Whether defendant's act of placing William in a position to be in direct contact with Griffin demonstrated an actual risk as opposed to a potential risk to the child is a fact question the jury should have been permitted to decide. Had the jury been instructed on endangering the welfare of a child in the second degree as a lesser included offense, it could have determined whether defendant's actions knowingly subjected William to an actual risk of serious harm or whether her actions were criminally negligent so as to present a potential risk to William. Manifest injustice or miscarriage of justice occurred by the jury not having the opportunity to analyze the evidence in that regard. Point III is granted. The conviction of endangering the welfare of a child in the first degree is reversed. Because defendant's conviction of murder in the second degree pursuant to § 565.021.1(1) is dependent on a supporting conviction of a felony, that conviction is reversed.[4]

**4.** "A person is guilty of second-degree murder if she commits any felony and, in the perpetration of that felony, another person is killed as a result of the perpetration of that felony. Sec. 565.021.1(2). Under Missouri law, a defendant is responsible for any deaths that are the natural and proximate result of the commission of the felony." *State v. Burrell,* 160 S.W.3d at 803.

Point III is determinative of this appeal. The other issues defendant asserted are, therefore, moot. A new trial is required that may or may not present issues of the nature to which they are directed. The judgment of conviction is reversed as to both Count I and Count II and the case remanded for a new trial.

BATES and SCOTT, JJ., concur.